IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **ROBERT COBB, et al.** | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) CV NO.: 2:07-CV-286-WKW |
| **ALBANY INTERNATIONAL, et al.** | ) ) |
| Defendants. | ) ) ) |

ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT EATON CORPORATION
TO PLAINTIFFS' COMPLAINT

Defendant Eaton Corporation ("Eaton" or "Defendant") hereby answers the numbered allegations of Plaintiffs' Complaint (the "Complaint"). Unless expressly admitted herein, Eaton denies the material allegations of the Complaint and demands strict proof thereof. Eaton responds to the separate sections and paragraphs of said Complaint, as follows:

## JURISDICTION

Eaton states that it is without knowledge or information sufficient to enable it to respond to the allegations contained in the "Jurisdiction" section of the Complaint other than to admit that Eaton is a Delaware corporation with its principal place of business in Wilmington, Delaware. Eaton denies all other allegations in said section of the Complaint and demands strict proof thereof.

## STATUTE OF LIMITATIONS

Eaton states that the "Statute of Limitations" section of the Complaint contains a statement of law, a response to which is not required from Eaton. To the extent that a response is deemed required, Eaton denies same. Eaton denies all other allegations in said section of the Complaint and demands strict proof thereof.

## BACKGROUND FACTS – THE PLAINTIFFS

1-11.   Eaton states that it is without knowledge or information sufficient to enable it to respond to the allegations contained in the "Background Facts – The Plaintiffs" section of the Complaint regarding Plaintiffs' alleged employers and therefore denies same.  Eaton denies all other allegations in said section of the Complaint and demands strict proof thereof.

## BACKGROUND FACTS – THE DEFENDANTS

12-73.   Eaton states that it is without sufficient knowledge or information concerning the allegations in paragraphs 12 through 73 of the section of the Complaint entitled "Background Facts – The Defendants" other than paragraph 32.  With respect to paragraph 32, Eaton admits that it is a Delaware corporation.

## DEFENDANTS' CONDUCT AND PLAINTIFF'S DECEDENT'S INJURY

74.   Eaton adopts and incorporates herein by reference its responses to the previous paragraphs of the Complaint.

75.   Eaton denies the allegations in paragraph 75 of the Complaint.

76.   Eaton denies the allegations in paragraph 76 of the Complaint.

77.   Eaton denies the allegations in paragraph 77 of the Complaint.

78.   Eaton denies the allegations in paragraph 78 of the Complaint and all subparagraphs set forth below said paragraph.

79.   Eaton denies the allegations in paragraph 79 of the Complaint.

## COUNT ONE
### (Alabama Extended Manufacturer's Liability Doctrine)

80.   Eaton adopts and incorporates herein by reference its responses to the previous paragraphs of the Complaint.

81. Eaton denies the allegations in paragraph 81 of the Complaint.

82. Eaton denies the allegations in paragraph 82 of the Complaint and all subparagraphs set forth below said paragraph.

83. Eaton denies the allegations in paragraph 83 of the Complaint.

84. Eaton denies the allegations in paragraph 84 of the Complaint.

## COUNT TWO
## (Negligence and Intentional Tort)

85. Eaton adopts and incorporates herein by reference its responses to the previous paragraphs of the Complaint.

86. Eaton denies the allegations in paragraph 86 of the Complaint.

87. Eaton denies the allegations in paragraph 87 of the Complaint.

88. Eaton denies the allegations in paragraph 88 of the Complaint.

89. Eaton denies the allegations in paragraph 89 of the Complaint.

90. Eaton denies the allegations in paragraph 90 of the Complaint.

91. Eaton denies the allegations in paragraph 91 of the Complaint.

92. Eaton denies the allegations in paragraph 92 of the Complaint.

93. Eaton denies the allegations in paragraph 93 of the Complaint.

94. Eaton denies the allegations in paragraph 94 of the Complaint.

95. Eaton denies the allegations in paragraph 95 of the Complaint.

96. Eaton denies the allegations in paragraph 96 of the Complaint.

97. Eaton denies the allegations in paragraph 97 of the Complaint.

## COUNT THREE
## (BREACH OF WARRANTIES)

98. Eaton adopts and incorporates herein by reference its responses to the previous paragraphs of the Complaint.

99. Eaton denies the allegations in paragraph 99 of the Complaint.

100. Eaton denies the allegations in paragraph 100 of the Complaint.

101. Eaton denies the allegations in paragraph 101 of the Complaint.

102. Eaton denies the allegations in paragraph 102 of the Complaint.

103. Eaton denies the allegations in paragraph 103 of the Complaint.

104. Eaton denies the allegations in paragraph 104 of the Complaint.

### COUNT FOUR
### (Fraudulent Concealment/Misrepresentation/ Alternation of Medical Studies/Conspiracy/ Aiding and Abetting Conspiracy)

105. Eaton denies the allegations in paragraph 105 of the Complaint.

106. Eaton denies the allegations in paragraph 106 of the Complaint.

107. Eaton denies the allegations in paragraph 107 of the Complaint and all subparagraphs set forth below said paragraph.

108. Eaton denies the allegations in paragraph 108 of the Complaint.

109. Eaton denies the allegations in paragraph 109 of the Complaint.

110. Eaton denies the allegations in paragraph 110 of the Complaint.

111. Eaton denies the allegations in paragraph 111 of the Complaint.

112. Eaton denies the allegations in paragraph 112 of the Complaint and all subparagraphs set forth below said paragraph.

113. Eaton denies the allegations in paragraph 113 of the Complaint.

114. Eaton denies the allegations in paragraph 114 of the Complaint.

115. Eaton denies the allegations in paragraph 115 of the Complaint.

116. Eaton denies the allegations in paragraph 116 of the Complaint.

117. Eaton denies the allegations in paragraph 117 of the Complaint.

01484437.1

118. Eaton denies the allegations in paragraph 118 of the Complaint.

119. Eaton denies the allegations in paragraph 119 of the Complaint.

120. Eaton denies the allegations in paragraph 120 of the Complaint.

## COUNT FIVE
### (Product Liability, Combined and Concurring Negligence, Intentional Tort and Conspiracy)

121. Eaton adopts and incorporates herein by reference its responses to the previous paragraphs of the Complaint.

122. Eaton denies the allegations in paragraph 122 of the Complaint.

123. Eaton denies the allegations in paragraph 123 of the Complaint.

124. Eaton denies the allegations in paragraph 124 of the Complaint.

## JURY DEMAND AND AD DAMNUM

Eaton denies the allegations contained in the "Jury Demand And Ad Damnum" section of the Complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

Having answered the individually numbered paragraphs of Plaintiff's Complaint, Eaton asserts the following affirmative defenses:

### FIRST DEFENSE

The Complaint, and each and every count thereof, fails to state a claim against Eaton upon which relief can be granted.

### SECOND DEFENSE

Eaton is not liable for the matters and things alleged in the Complaint.

### THIRD DEFENSE

Eaton denies the material allegations of the Complaint and demands strict proof thereof.

## FOURTH DEFENSE

This Court has no personal jurisdiction over Eaton.

## FIFTH DEFENSE

This Court may not have subject matter jurisdiction.

## SIXTH DEFENSE

Eaton avers lack of insufficiency of process, insufficiency of service of process, improper venue, and forum non conveniens as affirmative defenses.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the failure to join indispensable parties.

## EIGHTH DEFENSE

Eaton did not owe any duty to Plaintiff and Eaton did not breach any duty allegedly owed.

## NINTH DEFENSE

Plaintiff's claims against Eaton are barred by the applicable statute of limitations, including but not limited to, ALA. CODE §§ 6-2-30, 6-2-38 (1975). *See also Tyson v. Johns-Manville Sales Corp.*, 399 So. 2d 263 (Ala. 1981); *Johnson v. Garlock, Inc.*, 682 So. 2d 25 (Ala. 1996).

## TENTH DEFENSE

Plaintiff's claims are barred by Alabama's Twenty Year Rule of Repose. *Ex Parte Liberty Nat'l*, 825 So. 2d 758, 763 (Ala. 2002).

## ELEVENTH DEFENSE

Eaton is immune from suit as it was a mere shareholder.

## TWELFTH DEFENSE

The injuries to Plaintiff, if any, were caused in whole or in part by the acts or omissions of others for whose conduct Eaton is not responsible and whose conduct Eaton had no reason to anticipate.

## THIRTEENTH DEFENSE

The injuries to Plaintiff and/or the decedent, if any, were the result of an intervening, superseding cause over which Eaton had no control.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of Laches, Waiver, Estoppel, Release, Acquiescence, and the Statute of Frauds.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred because Plaintiff assumed the risk.

## SIXTEENTH DEFENSE

Eaton is not liable for the things and matters of which Plaintiff complains because Eaton's alleged negligence, if any, did not proximately cause Plaintiff's alleged injuries.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred by Plaintiff's own contributory negligence and by the doctrine of unclean hands.

## EIGHTEENTH DEFENSE

Plaintiff's claims fail, in whole or in part, because Plaintiff failed to mitigate his/her damages.

## NINETEENTH DEFENSE

Eaton made no material representations to Plaintiff.

## TWENTIETH DEFENSE

Plaintiff did not rely on any alleged representation of Eaton.

## TWENTY-FIRST DEFENSE

Plaintiff did not reasonably rely on any alleged representation of Eaton.

## TWENTY-SECOND DEFENSE

Eaton had no duty to disclose any information to Plaintiff.

## TWENTY-THIRD DEFENSE

Plaintiff cannot recover damages for alleged mental anguish or emotional distress against Eaton because Plaintiff cannot allege or prove that the decedent or Plaintiff sustained a physical injury as a result of Eaton's conduct or that Plaintiff was placed in immediate risk of physical harm by that conduct.

## TWENTY-FOURTH DEFENSE

The rules of evidence as applied by the Alabama courts permit the admission of evidence of alleged mental pain and suffering in such a way as to violate the Due Process Clause of the United States Constitution and similar provisions of the Alabama Constitution.

## TWENTY-FIFTH DEFENSE

Plaintiff cannot recover for mental pain and suffering, emotional distress or similar damages, if any, if there is no physical manifestation of the alleged mental anguish and because there is no fixed, objective and/or clear and consistent standard under Alabama law for ascertaining the amount thereof, such that any award of said damages against Eaton would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 6 of the Alabama Constitution, which prohibit deprivation of life, liberty or property except by due process of law.

## TWENTY-SIXTH DEFENSE

A jury award of mental anguish damages in this case will violate due process and equal protection rights guaranteed to Eaton by the Fifth and Fourteenth Amendments to the United States Constitution, and Article One, Sections 1, 6 and 22 of the Constitution of the State of Alabama of 1901. In particular, a mental anguish damage award will violate these constitutional provisions because Alabama juries are given no rule, standard or guideline upon which to rely in calculating mental anguish damage awards.

## TWENTY-SEVENTH DEFENSE

Eaton is denied due process and equal protection of the law because it is denied defenses available to other defendants in tort cases.

## TWENTY-EIGHTH DEFENSE

Alabama's law of joint and several liability is unconstitutional both on its face and as applied to Eaton in this case.

## TWENTY-NINTH DEFENSE

The claims made by the Plaintiff against Eaton are barred by the exclusivity provision of the Worker's Compensation Act, to-wit: ALA. CODE § 25-5-53 (1975).

## THIRTIETH DEFENSE

Plaintiff's claims are barred by reason that any alleged dangerous condition complained of was open or obvious and there was no duty on the part of Eaton to warn of any such open and obvious condition.

## THIRTY-FIRST DEFENSE

Eaton is entitled to a setoff for all sums of money recovered from any collateral sources, or recovered by or on behalf of Plaintiff by way of any settlement, judgment or otherwise which

were entered into or received by the Plaintiff from any party or non-party in this action.

## THIRTY-SECOND DEFENSE

The injuries to Plaintiff and/or the decedent were proximately caused by the misuse, abuse, alteration, and/or failure properly to utilize, maintain, or care for Eaton's product by persons other than Eaton.

## THIRTY-THIRD DEFENSE

Plaintiff's product liability causes of action are barred because the benefits of the product outweighed its risks.

## THIRTY-FOURTH DEFENSE

The injuries to Plaintiff and/or the decedent were directly and proximately caused and contributed to by the actions of other persons, who caused changes and alterations to be made to Eaton's product and said changes and alterations proximately caused or contributed to the injuries alleged by Plaintiff, and voided any and all alleged warranties, express and/or implied.

## THIRTY-FIFTH DEFENSE

Eaton made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiff and/or the decedent. If any such warranties were made, whether express or implied, which Eaton specifically denies, then Plaintiffs failed to give timely notice of any breach thereof.

## THIRTY-SIXTH DEFENSE

Eaton provided adequate and complete warnings with the product.

## THIRTY-SEVENTH DEFENSE

Eaton pleads the Learned Intermediary Doctrine.

## THIRTY-EIGHTH DEFENSE

Eaton invokes all state of the art defenses applicable to Plaintiff's claims, including the

state of the art applicable to the industry in question.

### THIRTY-NINTH DEFENSE

Eaton's product was manufactured under conditions and procedures and with materials as used by other reputable manufacturers of such products and complied with the standards of the industry as of the time of manufacture. Such product was safe for its intended use and was not defective or unreasonably dangerous.

### FORTIETH DEFENSE

Plaintiff is barred from seeking any remedy herein on the basis that there was no product defect or breach of warranty on the part of Eaton and/or on the basis that Plaintiff and/or third parties did not comply with the terms of the written limited warranty.

### FORTY-FIRST DEFENSE

To the extent Plaintiff is alleging a claim under the Alabama Extended Manufacturer's Liability Doctrine (AEMLD), Eaton asserts all defenses available to it under that doctrine.

### FORTY-SECOND DEFENSE

Eaton denies that it is guilty of any conduct which warrants the issue of punitive damages being submitted to a jury.

### FORTY-THIRD DEFENSE

Any award of punitive damages to Plaintiff in this case would be in violation of the constitutional safeguards provided to Eaton under the Constitution of the State of Alabama.

### FORTY-FOURTH DEFENSE

No punitive damages are warranted or allowable that would exceed comparable maximums established for criminal fines.

### FORTY-FIFTH DEFENSE

Punitive damages cannot be sustained because of the lack of clarity in Alabama's

standards for awarding punitive damages.

### FORTY-SIXTH DEFENSE

Any claim for punitive damages, on it face and/or as applied in this case, is in violation of the *Fifth Amendment of the Constitution of the United States;* of the right to counsel provided by the *Sixth Amendment of the Constitution of the United States;* of the right to trial by jury of the *Seventh Amendment of the Constitution of the United States;* of the portionality principles contained in the *Eighth Amendment of the Constitution of the United States;* the due process clause in the *Fourteenth Amendment of the Constitution of the United States;* and Article 1, Sections 1, 2, 6, 11, 13, 15, 27, and 35 of the Constitution of Alabama of 1901, and is improper under the common law and public policies of the State of Alabama and under applicable court rules and statutes for the following reasons, jointly and separately:

(a) There are no standards provided by Alabama law for the imposition of punitive damages, and therefore, Eaton has not been put on notice and given the opportunity to anticipate punitive liability and/or the potential size of the award and to modify or conform its conduct accordingly;

(b) The procedures to be followed would permit an award of punitive damages against Eaton upon the satisfaction of a burden or persuasion (standard of proof) less than that applicable to the imposition of criminal sanctions for equal culpability;

(c) The procedures to be followed could permit the award of multiple punitive damages for the same act or omission;

(d) There are no provisions or standards for clear and consistent appellate review of any award of punitive damages against defendants under present Alabama law;

(e) The standards of conduct upon which punitive damages are sought against Eaton

        are vague and ambiguous;

(f)     The procedures used by courts under Alabama law and the guidelines given by the jurors, jointly and separately, are vague and ambiguous and, thus, impermissibly allow jurors broad, unlimited and undefined power to make determinations on their notions of what the law should be instead of what it is;

(g)     The procedures under which punitive damages are awarded and the instructions used under Alabama law, jointly and separately, are vague and ambiguous and, thus, fail to eliminate the effects of, and to guard against, impermissible juror passion.

(h)     Present Alabama law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, on the amount to be awarded;

(i)     Present Alabama law does not provide a meaningful opportunity for challenging the rational basis for, and any excessiveness of, any award of punitive damages;

(j)     Present Alabama law does not provide for adequate and independent review by the trial court and the appellate court of the imposition of punitive damages by a jury or of the amount of any punitive damage awarded by a jury;

(k)     Present Alabama procedures fail to provide a constitutionally reasonable limit on the amount of any punitive damage award against defendants;

(l)     Present Alabama procedures may permit the admission of evidence relative to punitive damages in the same proceeding during which liability is determined;

(m)     Present Alabama procedures permit the imposition of joint and several judgments against multiple co-defendants for different acts of degrees of wrongdoing or

      culpability;

(n) An award of punitive damages would compensate Plaintiffs for elements of damage not otherwise recognized by Alabama law.

## FORTY-SEVENTH DEFENSE

Plaintiff's claims, if any, for the recovery of punitive damages are barred by ALA. CODE §§ 6-11-20 to -30 (1975).

## FORTY-EIGHTH DEFENSE

ALA. CODE § 6-11-21 (1975) bars Plaintiff's claims for punitive damages to the extent that those claims exceed three times compensatory damages or the amount to $1,500,000, whichever is greater, which the Alabama Legislature has established as the outer limit of reasonableness for awards of punitive damages as a matter of public policy in this State. The public policy of this State, as established by ALA. CODE § 6-11-21 (1975), limits the claims for punitive damages in this case. Allowing an award in excess of this legislative cap directly contravenes the express public policy of the State of Alabama.

## FORTY-NINTH DEFENSE

Plaintiff's claims, if any, for the recovery of punitive damages are barred by ALA. CODE § 6-11-27 (2002).

## FIFTIETH DEFENSE

Plaintiff's claims, if any for the recovery of punitive damages are in contravention of Eaton's rights under each of the following constitutional provisions:

(a) Article I, Section 8 of the United States Constitution, as an impermissible burden on interstate commerce;

(b) the Contracts Clause of Article I, Section 10 of the United States Constitution;

(c) the Due Process Clause of the Fifth and Fourteenth Amendments to the Untied

01484437.1

    States Constitution;

(d)  the Equal Protection under the laws afforded by the Fourteenth Amendment to the United States Constitution:

(e)  the constitutional prohibition against vague and overbroad laws;

(f)  the prohibition against ex post facto law in Article 1, Section 22 of the Alabama Constitution;

(g)  the Contracts Clause of Article 1, Section 22 of the Constitution of Alabama; and

(h)  the Due Process Clause of Article 1 Section 6 and/or 13 of the Constitution of Alabama.

## FIFTY-FIRST DEFENSE

An award of punitive damages in the circumstances of this case would clearly be violative of Eaton's due process rights as embraced by the Fifth and Fourteenth Amendment to the United States Constitution and by the due process clause of Article 1, Section 6 and/or 13 of the Alabama Constitution, jointly and separately, as such award would constitute a deprivation of property without due process of law for the following reasons as separately stated herein.

(a)  There is no rational relationship between the punitive damage awards in Alabama and the wrongfulness of Eaton's conduct and/or the compensatory damages awarded.

(b)  No rational relationship exists between the extent of punitive damages and legitimate interests to be advanced by the State of Alabama.

(c)  An award of punitive damages in this case would be penal in nature and thus, would be violative of Eaton's constitutional rights under the United States Constitution and/or the Alabama Constitution unless Eaton is granted the procedural safeguards afforded criminal defendants including but not limited to

       constitutional safeguards against self-incrimination and a heightened standard of proof beyond a reasonable doubt.

(d)    The award of punitive damages on the basis of vicarious liability of the conduct of others violates Eaton's constitutional rights.

### FIFTY-SECOND DEFENSE

The imposition of punitive damages in this case would be in denial of Eaton's right to equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution and Article 1, Sections 1, 6, and 22 of the Alabama Constitution. Specifically, defendants are treated differently from criminal defendants which are charged for similar or identical culpability. Alternatively, the absence of adequate and objective standards for guiding in the assessment of punitive damages fails to insure the equality of treatment between and among similarly situated civil defendants.

### FIFTY-THIRD DEFENSE

The imposition of punitive damages in this case would violate Eaton's rights under Article 1, Section 22 of the Alabama Constitution in that it would impair the contractual obligations of parties to this litigation.

### FIFTY-FOURTH DEFENSE

With respect to Plaintiff's demand for punitive damages, Eaton specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards, set forth in the United States Supreme Court's decision in *BMW of N. Am. v. Gore,* 517 U.S. 559 (1996), and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### FIFTY-FIFTH DEFENSE

To the extent that Plaintiff's demand for punitive damages may result in multiple punitive

damage awards to be assessed for the same act or omission against Eaton, this award contravenes Eaton's right to due process under the due process clause of Article 1, section 13 of the Alabama Constitution. In addition, such award would infringe upon Eaton's rights against double jeopardy insured by the Fifth Amendment of the United States Constitution and/or Article 1, Section 9 of the Alabama constitution.

### FIFTY-SIXTH DEFENSE

The procedures pursuant to which punitive damages are awarded subject Eaton to punishment for the conduct of others through vicarious liability or through non-apportionment of damages among joint tortfeasors, in violation of the Fifth and Fourteenth Amendments to the Untied States Constitution and Article I § 1 and 6 of the Alabama Constitution.

### FIFTY-SEVENTH DEFENSE

The procedures pursuant to which punitive damages are awarded expose Eaton to the risk of undefinable, unlimited liability unrelated to actual loss, if any, caused by its conduct, creating a chilling effect on the Eaton's exercise of their right to a judicial resolution of this dispute.

### FIFTY-EIGHTH DEFENSE

"[T]he Due Process Clause forbids a State to use a punitive damages award to punish a defendant for injury that it inflicts upon nonparties or those whom they directly represent, i.e., injury that it inflicts upon those who are, essentially, strangers to the litigation." *Philip Morris v. Williams*, 127 S. Ct. 1057, 1063 (2007).

### FIFTY-NINTH DEFENSE

"[T]he Due Process Clause prohibits a State from punishing an individual without first providing that individual with 'an opportunity to present every available defense.'" *Id.* (quoting *Lindsey v. Normet*, 405 U.S. 56, 66 (1972)).

01484437.1

### SIXTIETH DEFENSE

The Due Process Clause prohibits punishment of a defendant based on an injury to a nonparty victim because such punishment "would add a near standardless dimension to the punitive damages equation." *Id.* Such punishment would be based on speculation and, thus, magnifies the fundamental due process concerns of "arbitrariness, uncertainty and lack of notice." *Id.* (citing *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 416, 418 (2003).

### SIXTY-FIRST DEFENSE

Federal constitutional law obligates this Court to provide procedural protection against the risk of a jury punishing defendants for potential injuries to persons not before the Court. *Id.* at 1065.

### SIXTY-SECOND DEFENSE

Eaton reserves the right to assert other defenses and claims when and if it becomes appropriate during this civil action

                                            /s E. Bryan Nichols
John A. Smyth, III, SMY008
E. Bryan Nichols, NIC036
T. DeLawrence, DEL023

Attorneys for Defendant
Eaton Corporation

OF COUNSEL:
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203-2618
Phone:  205-254-1000

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the above and foregoing has been served upon the following listed person(s) by placing a copy of the same in the United States mail, postage prepaid and properly addressed, this the 1st day of May, 2007.

G. Patterson Keahey, Jr., Esq.
Law Offices of G. Patterson Keahey, P.C.
One Independence Plaza
Suite 612
Birmingham, AL 35209

All other parties will be served electronically.

                                                                    /s E. Bryan Nichols
                                                                   OF COUNSEL

01484437.1