**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA**

| | |
|---|---|
| **ROBERT COBB, et al.** | **PLAINTIFFS** |
| **vs.** | **CIVIL ACTION NO. 2:07CV286-WKW** |
| **ALBANY INTERNATIONAL, et al.,** | **DEFENDANTS** |

**OGLEBAY NORTON COMPANY'S, ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

COMES NOW, Oglebay Norton Company (hereinafter referred to as "Defendant"), by its attorneys, and files its Answer and Affirmative Defenses to Plaintiffs' Complaint (hereinafter referred to as "Complaint"):

The Complaint fails to state a claim against Defendant upon which relief can be granted. For that reason, the Complaint should be dismissed and the relief sought denied. Defendant, under Federal Rule of Civil Procedure 12(b)(6), specifically denies that it is guilty of the acts, deeds, or other occurrences alleged in the Complaint which would give rise to any claim in favor of Plaintiffs against Defendant, denies that Plaintiffs have any cause of action against Defendant, and denies that Plaintiffs are entitled to recover any sum from Defendant.

**ANSWER**

AND NOW, for further answer to the Complaint, and without waiving any other defense herein or elsewhere asserted and to particularly respond to the allegations of the Complaint paragraph by paragraph, Defendant would show this Honorable Court the following, to wit:

## JURISDICTION

Defendant admits it is a corporation whose principal place of business is in a state other than Alabama. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1 of the Complaint, and therefore denies same.

## STATUTE OF LIMITATIONS

The allegations contained in this unnumbered paragraph appear to require Defendant to make a legal conclusion, which Defendant is not qualified to do, therefore Defendant denies said allegations.

## BACKGROUND FACTS – THE PLAINTIFFS

**1. – 11.**

Insofar as the allegations contained in paragraphs 1 through 11 pertain to Defendant, including all unnumbered paragraphs under the subheading Background Facts – The Plaintiffs, said allegations are denied. Insofar as the allegations contained in paragraphs 1 through 11 contain allegations relating to Plaintiffs' and/or Plaintiffs' decedents' alleged disease processes or employment, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

## BACKGROUND FACTS – THE DEFENDANTS

**12.**

Defendant incorporates herein by reference its defenses, admissions, and denials as set forth in response to the preceding paragraphs of this Complaint.

**13. – 14.**

Paragraphs 13 and 14 do not appear to require a response from Defendant. However, if a response is required, insofar as the allegations contained in paragraphs 13 and 14 of the Complaint pertain to Defendant, said allegations are denied.

**15. – 53.**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 15 through 53 of the Complaint, including all subparts therein, and therefore denies same.

**54.**

Defendant admits it is a Delaware corporation whose principal place of business is North Point Tower, 1001 Lakeside Avenue, 15th Floor, Cleveland, Ohio, 44114. Defendant is unable to respond to the remaining allegations contained in paragraph 64 until such time as Plaintiffs identify which Plaintiffs allege exposure to Defendant's products and therefore denies same.

**55. – 65.**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 55 through 65 of the Complaint, including all subparts therein, and therefore denies same.

**66. – 69.**

Paragraphs 66 through 69 do not appear to require a response from Defendant. However, if a response is required, insofar as the allegations contained in paragraphs 66 through 69 of the Complaint pertain to Defendant, said allegations are denied.

**70. - 73**

The allegations contained in paragraphs 70 through 73, including all subparts therein, do not appear to pertain to Defendant, therefore no response is required. However, if a response is required, insofar as the allegations contained in paragraphs 70 through 73 of the Complaint pertain to Defendant, said allegations are denied.

## DEFENDANTS' CONDUCT AND PLAINTIFF'S DECEDENT'S INJURY

**74.**

Defendant incorporates herein by reference its defenses, admissions, and denials as set forth in response to the preceding paragraphs of this Complaint.

**75. – 79.**

Insofar as the allegations contained in paragraphs 75 through 79, including all subparts therein, pertain to this Defendant, said allegations are denied.

## COUNT ONE

### Alabama Extended Manufacturer's Liability Doctrine

**80.**

Defendant incorporates herein by reference its defenses, admissions, and denials as set forth in response to the preceding paragraphs of this Complaint.

**81.**

Paragraph 81 does not appear to require a response from Defendant. However, if a response is required, insofar as the allegations contained in paragraph 81 of the Complaint pertain to Defendant, said allegations are denied.

**82. – 84.**

Insofar as the allegations contained in paragraphs 82 through 84, including all subparts therein, pertain to this Defendant, said allegations are denied.

## COUNT TWO

### Negligence and Intentional Tort

**85.**

Defendant incorporates herein by reference its defenses, admissions, and denials as set forth in response to the preceding paragraphs of this Complaint.

**86. – 97.**

Insofar as the allegations contained in paragraphs 86 through 97, including all subparts therein, pertain to this Defendant, said allegations are denied.

## COUNT THREE

### Negligence in the course of employment

**98.**

Defendant incorporates herein by reference its defenses, admissions, and denials as set forth in response to the preceding paragraphs of this Complaint.

**99. – 104.**

Insofar as the allegations contained in paragraphs 99 through 104 pertain to this Defendant, said allegations are denied.

## COUNT FOUR

### Fraudulent Concealment / Misrepresentation / Alteration of Medical Studies / Conspiracy / Aiding and Abetting Conspiracy

### 105. – 120.

Insofar as the allegations contained in paragraphs 105 through 120 pertain to this Defendant, including all subparts therein, said allegations are denied.

## COUNT FIVE

### Product Liability, combined and concurring negligence, intentional tort and conspiracy

### 121.

Defendant incorporates herein by reference its defenses, admissions, and denials as set forth in response to the preceding paragraphs of this Complaint.

### 122. – 123.

Insofar as the allegations contained in paragraphs 122 through 123 pertain to this Defendant, said allegations are denied.

### 124.

Defendant denies Plaintiffs have filed suit either within the applicable state statute of limitations period, and/or within the appropriate limitations period as its commencement date is modified by 42 U.S.C. § 9658 (a)(1).

## JURY DEMAND AND AD DAMNUM

Defendant denies the allegations contained in the unnumbered paragraph that begins "WHEREFORE" and further denies Plaintiffs are entitled to judgment against Defendant, jointly and/or severally, for special and general damages, or other relief in any amount prayed for in the Complaint, or in any amount whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

All allegations in the Complaint, which are not specifically admitted or denied, are hereby denied.

### SECOND DEFENSE

This Honorable Court lacks jurisdiction over the subject matter of the Complaint.

### THIRD DEFENSE

All claims asserted against Defendant in the Complaint are barred by the applicable statute of limitations.

### FOURTH DEFENSE

All claims asserted against Defendant in the Complaint are barred by the doctrine of laches.

### FIFTH DEFENSE

Plaintiffs' claims are barred by the doctrine of estoppel.

### SIXTH DEFENSE

Plaintiffs have failed to join indispensable parties needed to provide just adjudication of this matter and complete relief cannot be afforded in their absence; therefore, the Complaint should be dismissed.

### SEVENTH DEFENSE

There is no privity between Plaintiffs and/or Plaintiffs' Decedents and Defendant; therefore, Plaintiffs' actions are barred.

### EIGHTH DEFENSE

Any products manufactured, produced, sold, and/or distributed by Defendant did not damage or injure Plaintiffs and/or Plaintiffs' Decedents in any manner.

**NINTH DEFENSE**

Any products manufactured by Defendant, as they left the hands of Defendant, were not defective, or unreasonably dangerous, and were suitable for use as anticipated and expected for the anticipated purposes sold.

**TENTH DEFENSE**

The state of the medical, scientific and industrial knowledge, art, and practice was at all material times such that Defendant neither breached any alleged duty owed to Plaintiffs, nor knew, nor could have known that its products presented a foreseeable risk of harm to Plaintiffs in connection with the normal and expected use of such products.

**ELEVENTH DEFENSE**

Any exposure that Plaintiffs claim they, or their Decedents, had to Defendant's products, which exposure is vigorously denied, was so minimal as to be insufficient to establish to a reasonable degree of probability that any of Defendant's products substantially contributed to Plaintiffs' and/or Plaintiffs' Decedents' alleged injuries

**TWELFTH DEFENSE**

If it is determined that Plaintiffs and/or Plaintiffs' Decedents were exposed to any alleged products of Defendant which were acquired from, sold to, sold by, or used on behalf of the United States of America or of the State of Alabama, then Plaintiffs' claims are barred under the doctrine of sovereign immunity.

**THIRTEENTH DEFENSE**

The sale of products containing asbestos, if any, made by Defendant were made to sophisticated users of said products who had full knowledge of the dangers and risks associated with using or working with and around asbestos, and, as such, such sales to sophisticated user(s) of the

products bar any claims of liability against Defendant.

## FOURTEENTH DEFENSE

Whatever damages were incurred by Plaintiffs and/or Plaintiffs' Decedents were the result of intervening and/or superseding acts or omissions of parties over whom Defendant had no control.

## FIFTEENTH DEFENSE

At all times relevant, the knowledge of Plaintiffs' and/or Plaintiffs' Decedents' employers was superior to that of Defendant with respect to possible health hazards associated with Plaintiffs' employment, and, therefore, if there was any duty to warn Plaintiffs and/or Plaintiffs' Decedents or provide protection to them, it was the duty of said employers, not Defendant, and breach of that duty was an intervening and/or superseding cause of the injuries allegedly sustained by Plaintiffs and/or Plaintiffs' Decedents.

## SIXTEENTH DEFENSE

Plaintiffs' and/or Plaintiffs' Decedents' injuries, if any, were sustained in the ordinary course of their employment and therefore are barred under the applicable Workers' Compensation Laws of the State of Alabama, and/or any other State.

## SEVENTEENTH DEFENSE

Any alleged injuries and damages for which Plaintiffs complain were sustained as a direct and proximate result of the negligence of Plaintiffs' and/or Plaintiffs' Decedents' fellow servants, fellow supervisor(s) and employer(s) engaged in the ordinary course of common employment with Plaintiffs and/or Plaintiffs' Decedents, and such negligence by them bars this cause of action.

## EIGHTEENTH DEFENSE

The alleged injuries and damages of which Plaintiffs complain were caused by unauthorized, unintended, or improper use of the products complained of and as a result of failure to

exercise reasonable and ordinary care, caution, and vigilance for which Defendant is not responsible.

## NINETEENTH DEFENSE

Whatever damages were incurred by Plaintiffs and/or Plaintiffs' Decedents resulted from their own negligence in failing to care for their own health by smoking tobacco products over an extended period of time; and that smoking of tobacco products is the sole, direct and proximate cause, or a contributing cause of any alleged injury.

## TWENTIETH DEFENSE

Plaintiffs' claims are barred by the doctrine of contributory negligence.

## TWENTY-FIRST DEFENSE

Alabama's Wrongful Death Statute is unconstitutional both on it face and as applied to Defendant in this action.

## TWENTY-SECOND DEFENSE

Plaintiffs lack standing to bring the Complaint.

## TWENTY-THIRD DEFENSE

To the extent that there may be claims of Plaintiffs' and/or Plaintiffs' Decedents' spouses, if any, they are barred by Plaintiffs' and/or Plaintiffs' Decedents' contributory and/or comparative negligence, assumption of the risk, and/or any other affirmative defense asserted herein.

## TWENTY-FOURTH DEFENSE

Plaintiffs' and/or Plaintiffs' Decedents' alleged injuries were the result of concurrent or successive exposures. Therefore, if Defendant is found liable, which is denied, liability should be apportioned and limited to the damages Plaintiffs prove were directly and proximately caused by Defendant's products.

## TWENTY-FIFTH DEFENSE

Defendant denies that there existed any warranties, express or implied, between it and Plaintiffs and/or Plaintiffs' Decedents at the times and places set forth in the Complaint.

## TWENTY-SIXTH DEFENSE

Defendant has breached no warranties, express or implied, which may have existed between it and Plaintiffs and/or Plaintiffs' Decedents at the times and places set forth in the Complaint.

## TWENTY-SEVENTH DEFENSE

To the extent that Plaintiffs have released, settled, or otherwise compromised their claims in whole or in part, Plaintiffs' claims are barred by operation of law, or alternatively are reduced by way of set off.

## TWENTY-EIGHTH DEFENSE

The claims in the Complaint and each Count thereof that seeks exemplary or punitive damages, violate Defendant's right to procedural due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and any State's law which may be applicable.

## TWENTY-NINTH DEFENSE

The claims in the Complaint and each Count thereof that seeks exemplary or punitive damages, violate Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and any State's law which may be applicable.

## THIRTIETH DEFENSE

The claims in the Complaint, and each Count thereof, that seeks exemplary or punitive damages, violate Defendant's right to equal protection under the law and are otherwise

unconstitutional under the Fourteenth Amendment of the United States Constitution, and any State's law which may be applicable.

### THIRTY-FIRST DEFENSE

The claims in the Complaint, and each Count thereof, that seeks exemplary or punitive damages violate Defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and any State's law which may be applicable.

### THIRTY-SECOND DEFENSE

Multiple awards of punitive damages against Defendant would violate the Constitution of the State of Alabama, the prohibition against being twice placed in jeopardy for the same offense embodied in the Fifth and Fourteenth Amendments to the United States Constitution, and any State's law which may be applicable.

### THIRTY-THIRD DEFENSE

Defendant would show that the Court lacks *in personam* jurisdiction over this Defendant.

### THIRTY-FOURTH DEFENSE

If none of the witnesses to the alleged exposure of Plaintiffs and/or Plaintiffs' Decedents reside in Alabama, or if most reside outside Alabama, travel of witnesses and counsel to and from Plaintiffs' state of residence for necessary discovery would place an undue burden upon Defendant.  Furthermore, this Court may be required under principles of conflicts of law to apply foreign law, with which this Court and Alabama counsel are unfamiliar.  Defendant therefore moves to dismiss such action under the doctrine of *forum non conveniens*.

### THIRTY-FIFTH DEFENSE

Defendant adopts and incorporates by reference all of the affirmative defenses invoked by any and all other Defendants not specifically enumerated herein and further reserves its right

to assert any and all applicable affirmative defenses as may be appropriate under the facts and circumstances of this case.

**THIRTY-SIXTH DEFENSE**

The allegations of fraud, fraudulent concealment, concert of action, and conspiracy are not pled with the particularity required by Rule 9(b) of the Alabama Rules of Civil Procedure.

**THIRTY-SEVENTH DEFENSE**

Defendant did not participate in any of the activities for which Plaintiffs assert that punitive damages may be assessed.

**THIRTY-EIGHTH DEFENSE**

Plaintiffs and/or Plaintiffs' Decedents failed to mitigate their damages.

**THIRTY-NINTH DEFENSE**

Defendant denies Plaintiffs and/or Plaintiffs' Decedents sustained any injury as a result of the use of any asbestos containing product and/or protective equipment sold or distributed by Defendant, and denies that any product or protective equipment which it sold or distributed in any way caused or brought about any injury or illness to Plaintiffs and/or Plaintiffs' Decedents.

**FORTIETH DEFENSE**

Defendant alleges and avers that the Complaint filed and exhibited against it is so vague and/or ambiguous that this Defendant cannot reasonably determine the specific claims against it or how those claims arise as to Plaintiffs' and/or Plaintiffs' Decedents' specific injuries and consequently cannot reasonably frame a responsive pleading to it.

**FORTY-FIRST DEFENSE**

Plaintiffs are not entitled to recover punitive damages pursuant to Ala. Code § 6-11-20.

WHEREFORE, Defendant respectfully prays that the Complaint be dismissed against it with all costs assessed to Plaintiffs.

Respectfully submitted,

Oglebay Norton Company

By: s/ Cyrus C. Barger, III_____
Cyrus C. Barger, III, AL Bar #BAR137

JUDE & JUDE, PLLC
6424 U. S. Hwy 98 West, Suite 50
P. O. Box 17468
Hattiesburg, MS 39404-7468
Telephone:  (601) 579-8411
Facsimile:    (601) 579-8461

## CERTIFICATE OF SERVICE

I, Cyrus C. Barger, III, counsel for Oglebay Norton Company do hereby certify that I have this day electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of the filing to all known counsel of record.

THIS, 2nd day of May, 2007.

s/ Cyrus C. Barger, III_____
Cyrus C. Barger, III

F:\FILES\FEI\Al\Answers\Cobb_Robert_Answer_Original_042007.doc