# UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA

OFFICE OF THE CLERK

POST OFFICE BOX 711

MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

May 4, 2007

# NOTICE OF CORRECTION

**From:   Clerk's Office**

**Case Style: Robert Cobb, et al vs. Albany International, et al**
**Case Number: 2:07cv286-WKW**

**Pleading : #61 Answer of Lincoln Electric and Hobart Brothers**
**            #62 Notice of Tag Along**

**Notice of Correction is being  filed this date to advise that  the referenced  pleading was e-filed on 5/3/2007 with the wrong  pdf document attached.**

**The corrected pdf document is attached to this notice.**

THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

ROBERT COBB, et al.,                    )
                                        )
      Plaintiffs,                       )
                                        )
vs.                                     )     CIVIL ACTION NO. 2:07-cv-00286-WKW
                                        )
ASBESTOS DEFENDANTS, et al.,            )
                                        )
      Defendants.                       )
                                        )

## ANSWER TO PLAINTIFFS' COMPLAINT

COME NOW the defendants The Lincoln Electric Company and Hobart Brothers Company (hereinafter "Defendants"), and for their answer to Plaintiffs' Complaint heretofore filed, state as follows:

## JURISDICTION

These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore they are denied.

## STATUTE OF LIMITATIONS

This paragraph contains no allegations directed at these Defendants and, accordingly, no response is required. To the extent a response is required, These Defendants deny any liability to the Plaintiffs or Plaintiffs' decedents arising out of any of the allegations contained in this section of the Complaint, and demand strict proof thereof.

## BACKGROUND FACTS – THE PLAINTIFFS

1. These Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

2. These Defendants deny the allegations contained in this paragraph and demand strict

proof thereof.

3.   These Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

4.   These Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

5.   These Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

6.   These Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

7.   These Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

8.   These Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

9.   These Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

10.  These Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

11.  These Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

## **BACKGROUND FACTS – THE DEFENDANTS**

12. This paragraph contains no allegations directed at these Defendants and, accordingly, no response is required. To the extent a response is required, These Defendants deny any liability to the Plaintiffs or Plaintiffs' decedents arising out of any of the allegations contained in this paragraph of the Complaint, and demand strict proof thereof.

13. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

14. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

15. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

16. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

17. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

18. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

19. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

20. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

21. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

22. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

23. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

24. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

25. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

26. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

27. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

28. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

29. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

30. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

31. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

32. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

33. These Defendants are without sufficient information with which to admit or deny the

allegations contained within this paragraph, therefore, they are denied.

34. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

35. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

36. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

37. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

38. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

39. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

40. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

41. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

42. Defendant admits that it is a corporation incorporated in a state other than Alabama.  All other allegations contained in this paragraph are denied, and strict proof thereof is demanded.

43. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

44. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

45. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

46. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

47. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

48. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

49. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

50. Defendant admits that it is a corporation incorporated in a state other than Alabama. All other allegations contained in this paragraph are denied, and strict proof thereof is demanded.

51. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

52. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

53. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

54. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

55. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

56. These Defendants are without sufficient information with which to admit or deny the

allegations contained within this paragraph, therefore, they are denied.

57. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

58. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

59. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

60. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

61. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

62. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

63. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

64. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

65. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

66. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

67. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

68. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

69. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

70. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

71. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

72. These Defendants are without sufficient information with which to admit or deny the allegations contained within this paragraph, therefore, they are denied.

73. Denied.

## **DEFENDANTS' CONDUCT AND PLAINTIFF'S DECEDENT'S INJURY**

74. This paragraph contains no allegations directed at these Defendants and, accordingly, no response is required.  To the extent a response is required, These Defendants deny any liability to the Plaintiffs or Plaintiffs' decedents arising out of any of the allegations contained in this paragraph of the Complaint, and demand strict proof thereof.

75. Denied.

76. Denied.

77. Denied

78. Denied

      A.  Denied.

      B.  Denied.

      C.  Denied.

D.  Denied.

E.  Denied.

F.  Denied.

G.  Denied.

H.  Denied.

I.  Denied.

J.  Denied.

K.  Denied.

L.  Denied.

M.  Denied.

N.  Denied.

O.  Denied.

P.  Denied.

Q.  Denied.

R.  Denied.

79.  Denied.

## COUNT ONE
### Alabama Extended Manufacturer's Liability Doctrine

80.  This paragraph contains no allegations directed at these Defendants and, accordingly, no response is required.  To the extent a response is required, These Defendants deny any liability to the Plaintiffs or Plaintiffs' decedents arising out of any of the allegations contained in this paragraph of the Complaint, and demand strict proof thereof.

81.  Denied.

82.  Denied.

      A.  Denied.

      B.  Denied.

83.  Denied.

84.  Denied.

## COUNT TWO
### Negligence and Intentional Tort

85.  This paragraph contains no allegations directed at these Defendants and, accordingly, no response is required.  To the extent a response is required, These Defendants deny any liability to the Plaintiffs or Plaintiffs' decedents arising out of any of the allegations contained in this paragraph of the Complaint, and demand strict proof thereof.

86.  Denied.

87.  Denied.

88.  Denied.

89.  Denied.

90.  Denied.

91.  Denied.

92.  Denied.

93.  Denied.

94.  Denied.

95.  Denied.

96.  Denied.

97.  Denied.

### <u>COUNT THREE</u>
**Negligence in the course of employment**

98.   This paragraph contains no allegations directed at these Defendants and, accordingly, no response is required.  To the extent a response is required, These Defendants deny any liability to the Plaintiffs or Plaintiffs' decedents arising out of any of the allegations contained in this paragraph of the Complaint, and demand strict proof thereof.

99.  Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

### <u>COUNT FOUR</u>
**Fraudulent Concealment/ Misrepresentation/ Alteration of Medical Studies/ Conspiracy/ Aiding and Abetting Conspiracy**

105. Denied.

106. Denied.

107. These Defendants are without sufficient knowledge with which to admit or deny the allegations contained in this paragraph, therefore, they are denied.

    A.   These Defendants are without sufficient knowledge with which to admit or deny the allegations contained in this paragraph, therefore, they are denied.

    B.   These Defendants are without sufficient knowledge with which to admit or deny the allegations contained in this paragraph, therefore, they are denied.

    C.   These Defendants are without sufficient knowledge with which to admit or deny the allegations contained in this paragraph, therefore, they are denied.

D.  These Defendants are without sufficient knowledge with which to admit or deny the allegations contained in this paragraph, therefore, they are denied.

E.  These Defendants are without sufficient knowledge with which to admit or deny the allegations contained in this paragraph, therefore, they are denied.

F.  These Defendants are without sufficient knowledge with which to admit or deny the allegations contained in this paragraph, therefore, they are denied.

G.  These Defendants are without sufficient knowledge with which to admit or deny the allegations contained in this paragraph, therefore, they are denied.

H.  These Defendants are without sufficient knowledge with which to admit or deny the allegations contained in this paragraph, therefore, they are denied.

I.  These Defendants are without sufficient knowledge with which to admit or deny the allegations contained in this paragraph, therefore, they are denied.

J.  These Defendants are without sufficient knowledge with which to admit or deny the allegations contained in this paragraph, therefore, they are denied.

K.  These Defendants are without sufficient knowledge with which to admit or deny the allegations contained in this paragraph, therefore, they are denied.

L.  These Defendants are without sufficient knowledge with which to admit or deny the allegations contained in this paragraph, therefore, they are denied.

M.  These Defendants are without sufficient knowledge with which to admit or deny the allegations contained in this paragraph, therefore, they are denied.

N.  These Defendants are without sufficient knowledge with which to admit or deny the allegations contained in this paragraph, therefore, they are denied.

O.  These Defendants are without sufficient knowledge with which to admit or deny the allegations contained in this paragraph, therefore, they are denied.

P.  These Defendants are without sufficient knowledge with which to admit or deny the allegations contained in this paragraph, therefore, they are denied.

Q.  These Defendants are without sufficient knowledge with which to admit or deny the allegations contained in this paragraph, therefore, they are denied.

R.  These Defendants are without sufficient knowledge with which to admit or deny the allegations contained in this paragraph, therefore, they are denied.

S.  These Defendants are without sufficient knowledge with which to admit or deny the allegations contained in this paragraph, therefore, they are denied.

T.  These Defendants are without sufficient knowledge with which to admit or deny the allegations contained in this paragraph, therefore, they are denied.

U.  These Defendants are without sufficient knowledge with which to admit or deny the allegations contained in this paragraph, therefore, they are denied.

V.  These Defendants are without sufficient knowledge with which to admit or deny the allegations contained in this paragraph, therefore, they are denied.

W. These Defendants are without sufficient knowledge with which to admit or deny the allegations contained in this paragraph, therefore, they are denied.

X.  These Defendants are without sufficient knowledge with which to admit or deny the allegations contained in this paragraph, therefore, they are denied.

Y.  These Defendants are without sufficient knowledge with which to admit or deny the allegations contained in this paragraph, therefore, they are denied.

Z.  These Defendants are without sufficient knowledge with which to admit or deny the allegations contained in this paragraph, therefore, they are denied.

AA. These Defendants are without sufficient knowledge with which to admit or deny the allegations contained in this paragraph, therefore, they are denied.

BB. These Defendants are without sufficient knowledge with which to admit or deny the allegations contained in this paragraph, therefore, they are denied.

CC. These Defendants are without sufficient knowledge with which to admit or deny the allegations contained in this paragraph, therefore, they are denied.

DD. These Defendants are without sufficient knowledge with which to admit or deny the allegations contained in this paragraph, therefore, they are denied.

EE. These Defendants are without sufficient knowledge with which to admit or deny the allegations contained in this paragraph, therefore, they are denied.

FF. These Defendants are without sufficient knowledge with which to admit or deny the allegations contained in this paragraph, therefore, they are denied.

GG. These Defendants are without sufficient knowledge with which to admit or deny the allegations contained in this paragraph, therefore, they are denied.

HH. These Defendants are without sufficient knowledge with which to admit or deny the allegations contained in this paragraph, therefore, they are denied.

II.  These Defendants are without sufficient knowledge with which to admit or deny the allegations contained in this paragraph, therefore, they are denied.

JJ.  These Defendants are without sufficient knowledge with which to admit or deny the allegations contained in this paragraph, therefore, they are denied.

108. These Defendants are without sufficient knowledge with which to admit or deny the

allegations contained in this paragraph, therefore, they are denied.

109.  These Defendants are without sufficient knowledge with which to admit or deny the allegations contained in this paragraph, therefore, they are denied.

110.  These Defendants are without sufficient knowledge with which to admit or deny the allegations contained in this paragraph, therefore, they are denied.

111.  These Defendants are without sufficient knowledge with which to admit or deny the allegations contained in this paragraph, therefore, they are denied.

112.  These Defendants are without sufficient knowledge with which to admit or deny the allegations contained in this paragraph, therefore, they are denied.

    (a.) These Defendants are without sufficient knowledge with which to admit or deny the allegations contained in this paragraph, therefore, they are denied.

    (b.) These Defendants are without sufficient knowledge with which to admit or deny the allegations contained in this paragraph, therefore, they are denied.

    (c.) These Defendants are without sufficient knowledge with which to admit or deny the allegations contained in this paragraph, therefore, they are denied.

    (d.) These Defendants are without sufficient knowledge with which to admit or deny the allegations contained in this paragraph, therefore, they are denied.

113.   These Defendants are without sufficient knowledge with which to admit or deny the allegations contained in this paragraph, therefore, they are denied.

114.   These Defendants are without sufficient knowledge with which to admit or deny the allegations contained in this paragraph, therefore, they are denied.

115.   These Defendants are without sufficient knowledge with which to admit or deny the allegations contained in this paragraph, therefore, they are denied.

116.    These Defendants are without sufficient knowledge with which to admit or deny the allegations contained in this paragraph, therefore, they are denied.

117.    These Defendants are without sufficient knowledge with which to admit or deny the allegations contained in this paragraph, therefore, they are denied.

118.    These Defendants are without sufficient knowledge with which to admit or deny the allegations contained in this paragraph, therefore, they are denied.

119.    These Defendants are without sufficient knowledge with which to admit or deny the allegations contained in this paragraph, therefore, they are denied.

120.    These Defendants are without sufficient knowledge with which to admit or deny the allegations contained in this paragraph, therefore, they are denied.

**COUNT FIVE**
**Product Liability, combined and concurring negligence, intentional tort and conspiracy**

121.    This paragraph contains no allegations directed at these Defendants and, accordingly, no response is required. To the extent a response is required, These Defendants deny any liability to the Plaintiffs or Plaintiffs' decedents arising out of any of the allegations contained in this paragraph of the Complaint, and demand strict proof thereof.

122.    Denied.

123.    Denied.

124.    Denied.

**JURY DEMAND AND AD DAMNUM**

Plaintiffs' request for relief contains no allegations directed at these Defendants and, accordingly, no response is required. To the extent a response is required, These Defendants deny any liability to the Plaintiffs arising out of any of the allegations contained in this section of

16

the Complaint, deny that they are entitled to the monetary damages claimed in this paragraph, and deny that Plaintiffs are entitled to punitive damages.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Plaintiffs' complaint fails to state a claim upon which relief can be granted against these Defendants.

### SECOND DEFENSE

These Defendants are not guilty.

### THIRD DEFENSE

These Defendants plead the general issue.

### FOURTH DEFENSE

These Defendants deny the matters and things alleged in the Plaintiffs' complaint and demand strict proof thereof.

### FIFTH DEFENSE

There is no causal relation to the claims being made by the Plaintiffs in this matter and these Defendants' conduct.

### SIXTH DEFENSE

These Defendants deny any of their acts or omissions were the proximate cause of Plaintiffs' injuries.

### SEVENTH DEFENSE

These Defendants deny that the Plaintiffs were injured or damaged to the nature and extent alleged in the complaint and demand strict proof thereof.

## EIGHTH DEFENSE

These Defendants deny that the Plaintiffs were injured as a result of any conduct by these Defendants.

## NINTH DEFENSE

These Defendants plead the affirmative defenses of estoppel, waiver, modification, ratification and novation.

## TENTH DEFENSE

Plaintiffs' claims are barred by estoppel, laches and waiver.

## ELEVENTH DEFENSE

The alleged damages for which the Plaintiffs seek recovery were caused by others for whom These Defendants are not responsible and the Plaintiffs cannot recover from these Defendants.

## TWELFTH DEFENSE

These Defendants plead the applicable statute of limitations.

## THIRTEENTH DEFENSE

These Defendants deny that they breached any duty owed to the Plaintiffs.

## FOURTEENTH DEFENSE

These Defendants assert the defenses of release, payment and setoff.

## FIFTEENTH DEFENSE

To the extent Plaintiffs seek to hold these Defendants jointly liable with other Defendants for wantonness or other misconduct and to recover punitive damages for such wantonness or other misconduct, the Alabama law permitting such joint liability for punitive damages is unconstitutional as violative of the Equal Protection Clause of the Fourteenth Amendment to the

United States Constitution because it permits jury imposition of punitive damages, purportedly based on the character and degree of the wrong committed, without in fact assigning to these Defendants a proportionate responsibility for these Defendants' Contribution to the wrong committed.

<u>SIXTEENTH DEFENSE</u>

To the extent the Plaintiffs are seeking punitive damages, these Defendants assert the following affirmative defenses:

1.    Plaintiffs' claims of punitive damages violates the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States, and Article I Section 6 of the Constitution of Alabama, on the following grounds:

(a)    It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil Defendant upon the Plaintiffs satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)    The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple Defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c)    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against these Defendants, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards, or provides vague or insufficient standards, for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e)     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(g)     The procedures pursuant to which punitive damages are awarded fail to require that an award of punitive damages be proportion, or bear a reasonable relationship, to the actual harm incurred.

(h)     The procedures pursuant to which punitive damages are awarded fail to provide mitigating factors for the jury's consideration in awarding punitive damages.

2.     Plaintiffs' claim of punitive damages violates the due process clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

(a)     It is a violation of the due process clause to impose punitive damages, which are penal in nature, upon a civil Defendant upon the Plaintiffs satisfying a burden of

20

proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against these Defendants;

(c)     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(d)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

(e)     The award of the punitive damages in this case constitutes a deprivation of property without due process of law.

3.      Plaintiffs' attempt to impose punitive or extra-contractual damages on these Defendants, on the basis of vicarious liability for the conduct by others, violates the Fifth, Eighth and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Alabama Constitution.

4.      The award of punitive damages to the Plaintiffs in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Alabama Constitution.

5.      The award of punitive damages against these Defendants in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

6.      The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the amount established by the legislature under Ala.

Code § 27-1-17 (1975), in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution and Article I, Section 6, of the Alabama Constitution.

7.     The award of punitive damages against these Defendants in this action would violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and Article I, Section 6 of the Alabama Constitution.

8.     To allow Plaintiffs to maintain this action against these Defendants would violate the Equal Protection Clause of the United States Constitution and Article I, Section 6 of the Alabama Constitution.

<u>SEVENTEENTH DEFENSE</u>

The complaint fails to state a claim for punitive damages under Ala. Code §§ 6-11-20 to 6-11-30 (1975).

<u>EIGHTEENTH DEFENSE</u>

An award of punitive damages which are in excess of the maximum amount of $250,000 specified in Ala. Code §§ 6-11-20 to 6-11-30 (1975) and is barred.

<u>NINETEENTH DEFENSE</u>

To the extent that any punitive damages assessed in this action are apportioned to the State of Alabama or a General Fund as prescribed by *Life Ins. Co. of Georgia v. Johnson*, 684 So.2d 685 (Ala. 1996), *vacated* 117 S.Ct. 288 (1996), the award is unconstitutional. The Alabama Supreme Court's directive in that case is violative of the Separation of Powers Clause of the United States Constitution and/or Sections 42, 43 and 70 of the Alabama Constitution.

<u>TWENTIETH DEFENSE</u>

To the extent that the Plaintiffs' claims for punitive damages exceed $250,000 (the cap imposed by the Alabama Legislature in ALA. CODE (1975) §6-11-21, then the Plaintiffs' claims

likewise violate the Separation of Powers Clause of the United States Constitution and/or the Alabama Constitution.  The Alabama Supreme Court acted beyond its authority in striking down the legislative and statutory mandate of §6-11-21; therefore, the Court's action thereby was unconstitutional and without effect. To allow an award of punitive damages in excess of that statutory cap is in direct contravention of the express public policy of the State of Alabama.

TWENTY-FIRST DEFENSE

To the extent that any punitive damages assessed in this action are apportioned to the State of Alabama or a General Fund as prescribed by *Life Ins. Co. of Georgia v. Johnson*, 684 So.2d 685 (Ala. 1996), *vacated* 117 S.Ct. 288 (1996),  then the award is violative of the Eighth Amendment to the United States Constitution and Article I, Section 15 of the Alabama Constitution; and the award constitutes an unconstitutional taking of private property without just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

TWENTY-SECOND DEFENSE

To the extent that any punitive damages assessed in this action are apportioned to the State of Alabama or a General Fund as prescribed by *Life Ins. Co. of Georgia v. Johnson*, 684 So.2d 685 (Ala. 1996), *vacated* 117 S.Ct. 288 (1996), the award constitutes an unconstitutional taking of private property without just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

TWENTY-THIRD DEFENSE

With regard to Plaintiffs' claims for punitive damages, these Defendants also plead the following punitive damage defenses:

1.    To the extent that the Plaintiffs' demand for punitive damages may result in multiple punitive damage awards to be assessed for the same act or omission of these Defendants, then that award contravenes the Defendant's right to due process of law under the Fourteenth Amendment to the United States Constitution and Article 1, Section 13 of the Alabama Constitution. Moreover, such an award of punitive damages would infringe upon the Defendant's rights against double jeopardy, as guaranteed by the Fifth Amendment to the United States Constitution and/or Article 1, Section 9 of the Alabama Constitution.

2.    Likewise, any such punitive damage award would unconstitutionally encroach on the Defendant's right to due process and open access to the courts of the State of Alabama, in violation of the Fourteenth Amendment to the United States Constitution and Article 1, Section 13 of the Alabama Constitution.

3.    With respect to the Plaintiffs' demands herein for punitive damages, these Defendants specifically incorporate by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damages awards as articulated in *Green Oil Co. V. Hornsby*, 539 So.2d 218 (Ala. 1989) and *Gore v. BMW of North America, Inc.*, 116 S.Ct.1589 (1996).

<u>TWENTY-FOURTH DEFENSE</u>

To the extent that any punitive damages assessed in this action are apportioned to the State of Alabama or a General Fund as prescribed by *Life Ins. Co. of Georgia v. Johnson*, 684 So.2d 685 (Ala. 1996), *vacated* 117 S.Ct. 288 (1996), then such impermissibly infringes on the Defendant's constitutional right to a trial by jury, as guaranteed by Article 1, Section 11 of the Alabama Constitution. The court's decision in that case inevitably places the judiciary and juries of the State of Alabama in a position of conflict of interest, since juries now have a financier

incentive to award punitive damages as they will indirectly benefit from any such award. Likewise, any such punitive damage award would unconstitutionally encroach on the Defendant's right to due process and open access to the courts of the State of Alabama, in violation of the Fourteenth Amendment to the United States Constitution  Article 1, Section 13 of the Alabama Constitution.

<u>TWENTY-FIFTH DEFENSE</u>

These Defendants specifically incorporate by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damages awards as articulated in *BMW of North America, Inc. v. Gore, 701* So.2d 507 (Ala. 1997).  More specifically, that any award of such damages is limited according to (a) the degree of reprehensibility of each Defendants' conduct; (b) the ratio of actual or likely harm to punitive damages; (c) any sanctions for comparable misconduct; (d) the removal of any profit for the Defendant by the punitive damages; (3) the financial position of each Defendant; (f) any relevant criminal sanctions; (g) any other relevant civil actions.

<u>TWENTY-SIXTH DEFENSE</u>

The Plaintiffs are guilty of negligence that has proximately caused or contributed to cause the injuries and damages alleged in their Complaint

<u>TWENTY-SEVENTH DEFENSE</u>

The State of Alabama is a necessary and/or indispensable party to this litigation, and therefore, any judgment rendered without joinder of the State is void and without effect.

<u>TWENTY-EIGHTH DEFENSE</u>

To the extent that any punitive damages are assessed in this action, these Defendants specifically incorporate by reference any and all standards or limitations regarding the

determination and/or enforceability of punitive damages awards as articulated in *Foremost Insurance Co. V. Parham*, 693 So.2d 409 (Ala. 1997).  More specifically, that any award of such damages are limited according to the (a) alleged reprehensibility of the Defendant's conduct; (b) alleged Defendant's knowledge or notice that the alleged misconduct could have resulted in excessive punitive damages; (c) the maximum fines imposed for similar conduct; and (d) the disparity between the actual harm suffered by the Plaintiffs and the punitive damage award.

TWENTY-NINTH DEFENSE

These Defendants aver that an award of punitive damages, if any, in this case may not exceed Two Hundred Fifty Thousand Dollars ($250,000.00) under Ala. Code § 6-11-21.  In declaring this provision unconstitutional in 1993, the Alabama Supreme Court acted beyond the scope of its powers and violated the separation of powers clause of the United States Constitution and the Constitution of the State of Alabama.  Accordingly, the Court's action was without effect, and Ala. Code § 6-11-21 should apply to this case.

THIRTIETH DEFENSE

These Defendants deny that they have been guilty of any conduct which would entitle the Plaintiffs to recover punitive damages.

THIRTY-FIRST DEFENSE

Plaintiffs' claims for damages are subject to the limitations contained in the Code of Alabama, as amended, section 6-11-20 (clear and convincing evidence standard), section 6-11-21 (punitive damages), and section 12-21-12 (substantial evidence and clear and convincing evidence standards).

THIRTY-SECOND DEFENSE

These Defendants plead improper venue.

26

### THIRTY-THIRD DEFENSE

To the extent any warranties may have been provided to Plaintiffs, Plaintiffs failed to comply with the terms of said warranties.

### THIRTY-FOURTH DEFENSE

These Defendants assert that Plaintiffs' injuries were proximately caused by their misuse and/or alteration of the product.

### THIRTY-FIFTH DEFENSE

These Defendants deny that they acted willfully or intentionally.

### THIRTY-SIXTH DEFENSE

These Defendants plead insufficiency of process.

### THIRTY-SEVENTH DEFENSE

These Defendants plead insufficiency of service of process.

### THIRTY-EIGHTH DEFENSE

These Defendants plead lack of subject matter jurisdiction.

### THIRTY-NINTH DEFENSE

These Defendants plead lack of personal jurisdiction.

### FORTIETH DEFENSE

These Defendants plead failure to join a party under Rule 19.

### FORTY-FIRST DEFENSE

These Defendants plead lack of standing.

### FORTY-SECOND DEFENSE

The Plaintiffs' claims are barred, in whole or in part, by the rule of repose.

Discovery is not yet complete in this matter and these Defendants reserve the right to amend their Answer at a later date.

**DEFENDANTS DEMAND TRIAL BY STRUCK JURY**

/s Timothy W. Knight
Timothy W. Knight (KNI021)

/s Lucy W. Jordan
Lucy W. Jordan (JOR037)
Attorneys for Defendants The Lincoln Electric Company and Hobart Brothers Company

**OF COUNSEL:**

Kee & Selby, LLP
1900 International Park Drive
Suite 220
Birmingham, AL 35243
(205) 968-9900
fax (205) 968-9909
email:  tk@keeselby.com
          lj@keeselby.com

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on May 3, 2007, a copy of the foregoing pleading was filed electronically using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail.

                                                        s/ Lucy W. Jordan
                                                  OF COUNSEL

THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

ROBERT COBB, et al.,                    )
                                        )
            Plaintiffs,                 )
                                        )
vs.                                     )    CIVIL ACTION NO. 2:07-cv-00286-WKW
                                        )
ASBESTOS DEFENDANTS, et al.,            )
                                        )
            Defendants.                 )
                                        )

## NOTICE OF TAG-ALONG ACTION

COME NOW the Defendants, The Lincoln Electric Company and Hobart Brothers Company, (hereinafter "Defendants"), and hereby submit this, their Notice of Tag-Along Action, and show the Court as follows:

PLEASE TAKE NOTICE THAT on July 29, 1991, the Judicial Panel on Multidistrict Litigation entered an order transferring all asbestos cases pending in federal court to the United States District Court, Eastern District of Pennsylvania, for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 ("MDL Transfer Order"). That order also applies to "tag-along actions," or actions involving common questions of fact filed after the January 17, 1991 filing of the Panel's order to Show Cause. MDL Rule 7.5(e) provides:

> Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.

The undersigned hereby notifies the Court that this case is a potential "tag-along action" which may be subject to transfer to the Eastern District of Pennsylvania. The Clerk of the Panel may either: (1) enter a conditional transfer order pursuant to MDL Rule 7.4(a), or (2) file

an order to show cause why the action should not be transferred, pursuant to MDL Rules 7.5(b) and 7.3.

/s Timothy W. Knight
Timothy W. Knight (KNI021)

/s Lucy W. Jordan
Lucy W. Jordan (JOR037)
Attorneys for Defendants The Lincoln Electric Company and Hobart Brothers Company

**OF COUNSEL:**

Kee & Selby, LLP
1900 International Park Drive
Suite 220
Birmingham, AL 35243
(205) 968-9900
fax (205) 968-9909
email:  tk@keeselby.com
        lj@keeselby.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 3rd day of May, 2007, a copy of the foregoing pleading was filed electronically using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail.

I further certify that on this 3rd day of May, 2007, the foregoing, together with copies of the docket sheet and complaint, has been sent via U.S. Mail, postage prepaid to the following:

> Clerk of the Panel
> Judicial Panel on Multidistrict Litigation
> Thurgood Marshall Federal Judiciary Building
> One Columbus Circle, N.E., Room G-255, North Lobby
> Washington, D.C. 20002-8004

s/ Lucy W. Jordan
OF COUNSEL