IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ROBERT COBB, et al., | ) |
| | ) |
| Plaintiffs, | ) CIVIL ACTION CASE NO. |
| | ) 2:07-CV-286-WKW |
| VS. | ) |
| | ) |
| ALBANY INTERNATIONAL, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ANSWER OF DEFENDANT GOULD ELECTRONICS INC. TO PLAINTIFFS' COMPLAINT

COMES NOW the Defendant GOULD ELECTRONICS INC., named in Plaintiffs' Complaint as "Nikko Materials USA, Inc. d/b/a Gould Electronics Inc., individually and as successor in interest to Goulds [sic] Inc., Imperial Corporation, Eastman Corporation, Imperial Eastman Corporation, ITE Circuit Breaker Company, and Century Electric", by and through counsel, and subject to and without waiving any defenses, responds to the Plaintiffs' Complaint in the above-styled civil action as follows:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim against this Defendant upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims, in whole or in part, are barred by the applicable statutes of limitations and/or repose.

## THIRD DEFENSE

There is a lack of or an insufficiency of service of process upon the person of the Defendant and, therefore, this Court lacks personal jurisdiction over this Defendant.

## FOURTH DEFENSE

Plaintiffs' Complaint is barred by laches and estoppel.

## FIFTH DEFENSE

There is or may be a lack of joinder of one or more indispensable parties who should or must be joined and, without the joinder of these proper parties, complete relief cannot be accorded among those already attempted to be made parties to this action.

## SIXTH DEFENSE

Venue is improper in this action. This Defendant reserves its right to move for dismissal and/or transfer of the action based on improper and/or inconvenient venue and further reserves its right to seek application of the law of the appropriate venue on all issues, including but not limited to statute of limitations, statute of repose, and punitive damages.

## SEVENTH DEFENSE

This Court lacks jurisdiction over the subject matter of Plaintiffs' Complaint.

## EIGHTH DEFENSE

This Defendant specifically denies that it mined, manufactured, processed, imported, and/or sold any asbestos or asbestos-containing material which allegedly caused or contributed to the alleged injuries or damages of the Plaintiffs and/or Plaintiffs' Decedents. This Defendant further denies that, for those periods of time alleged by the Plaintiffs, any product or action or inaction on its part caused any damage to the Plaintiffs and/or Plaintiffs' Decedents.

## NINTH DEFENSE

This Defendant denies that the Plaintiffs and/or Plaintiffs' Decedents have incurred any injuries or damages for which it is liable. As to any injuries or damages the Plaintiffs allege were incurred, the Plaintiffs and/or Plaintiffs' Decedents voluntarily and knowingly assumed the risk of incurring those injuries or damages, and the Plaintiffs are therefore barred from recovering any amount from this Defendant.

## TENTH DEFENSE

This Defendant denies that the Plaintiffs and/or Plaintiffs' Decedents have incurred any injuries or damages for which it is liable. As to any injuries or damages the Plaintiffs allege were incurred, the Plaintiffs and/or Plaintiffs' Decedents failed to exercise ordinary care for their own safety, such failure on their part proximately caused any injuries or damages alleged in

Plaintiffs' Complaint, and any recovery from this Defendant is barred by the Plaintiffs' and/or Plaintiffs' Decedents' own contributory/comparative negligence.

### ELEVENTH DEFENSE

This Defendant is not liable to Plaintiffs with respect to the injuries alleged in the Plaintiffs' Complaint because such injuries, if any, were caused by pure accident.

### TWELFTH DEFENSE

The claims raised in Plaintiffs' Complaint are barred by the applicable workers' compensation laws.

### THIRTEENTH DEFENSE

Plaintiffs and/or Plaintiffs' Decedents were not exposed to any asbestos materials through any act or omission of this Defendant, or if such exposure occurred, which is denied, such exposure was of such insufficient quantities, at such infrequent intervals, for such short periods of time, or under such conditions as to amount to no proximate cause of Plaintiffs' and/or Plaintiffs' Decedents' damages, if any, as a matter of law. Therefore, this Defendant denies that any of its products or any alleged action or inaction on its part has damaged or injured the Plaintiffs and/or Plaintiffs' Decedents in any manner or at any time.

## FOURTEENTH DEFENSE

To the extent that the Plaintiffs' Complaint alleges a products liability claim against this Defendant, the Plaintiffs' and/or Plaintiffs' Decedents' damages were the result of the misuse, improper use, modification, or substantial change in the products manufactured by this Defendant by someone other than this Defendant, which misuse, improper use, modification, or substantial change proximately caused or contributed to, in whole or in part, the Plaintiffs' and/or Plaintiffs' Decedents' alleged damages, and this Defendant is therefore not liable for any injuries or damages claimed by the Plaintiffs.

## FIFTEENTH DEFENSE

If Plaintiffs and/or Plaintiffs' Decedents suffered damages as alleged in the Complaint, which damages this Defendant specifically denies, such claimed damages did not result, directly or indirectly, from any act or omission of this Defendant but from the acts or omissions of persons other than this Defendant, for which acts or omissions this Defendant is in no way liable, and the Plaintiffs are, therefore, not entitled to recover from this Defendant.

## SIXTEENTH DEFENSE

The products manufactured by this Defendant when manufactured and sold, conformed to the then current state of

the art, and the current state of medical and scientific knowledge, and all materials relating thereto at all times material herein were such that this Defendant neither knew, nor could have reasonably known, that asbestos-containing products of the type it manufactured, if any, presented a significant risk of harm to the Plaintiffs and/or Plaintiffs' Decedents if properly used.

## SEVENTEENTH DEFENSE

In the manufacture, distribution, and sale of its products, this Defendant at all times used reasonable care, skill, and diligence and complied with generally established and accepted standards in the industry, and this Defendant's products, when used properly, are, were, and have been safe and fit for their intended use and purpose at all relevant times.

## EIGHTEENTH DEFENSE

The products manufactured by this Defendant were not defective or unreasonably dangerous.

## NINETEENTH DEFENSE

This Defendant had no duty to warn Plaintiffs and/or Plaintiffs' Decedents of the risks and dangers, if any, associated with asbestos or asbestos-related products.

## TWENTIETH DEFENSE

Defendant asserts that the Wrongful Death Act of Alabama imposes upon Defendant an excessive fine, violates the Defendant's equal protection rights, infringes upon Defendant's substantive and procedural due process rights, and denies the Defendant its constitutional right of trial by jury in that the Act, as written and/or as applied, allows for the imposition of punitive damages for simple negligence or strict liability and without a showing of heightened culpability on the part of the Defendant. Thus, Defendant is treated differently than similarly situated persons without a sufficient rational basis, or otherwise significant or compelling governmental interest, to justify the disparate treatment. Defendant is precluded from defending itself against punishment by offering proof that its conduct was not reckless, wanton, grossly negligent, malicious, or otherwise of heightened culpability that justifies punishment rather than mere compensation. And, the jury is not given sufficient direction, guidance, or instruction to assess what amount, if any, of punitive damages should be imposed against the Defendant, leaving the Defendant's punishment to whim, speculation and prejudice.

## TWENTY-FIRST DEFENSE

To the extent that the Plaintiffs have received payment from any alleged joint tortfeasor in full satisfaction of any of the

alleged injuries and/or claims against this Defendant and/or other alleged joint tortfeasors, the Plaintiffs' Complaint in each and every count and cause of action alleged therein is barred by the defenses of payment and accord and satisfaction.

### TWENTY-SECOND DEFENSE

If the Plaintiffs have heretofore or should hereafter settle for any of the alleged injuries and damages with any parties, then this Defendant is entitled to a credit in the amount of such settlements.

### TWENTY-THIRD DEFENSE

This Defendant denies that there existed any warranties, either express or implied, between itself and the Plaintiffs and/or Plaintiffs' Decedents. Even if such warranties existed, the Plaintiffs' claim for breach of warranty is barred by the Plaintiffs' failure to comply with the notice provisions required by Alabama law and because there is no privity of contract between the Plaintiffs and/or Plaintiffs' Decedents and this Defendant.

### TWENTY-FOURTH DEFENSE

Plaintiffs and/or Plaintiffs' Decedents failed to mitigate their damages, if any.

### TWENTY-FIFTH DEFENSE

Plaintiffs' Complaint fails to set forth a claim for punitive damages upon which relief may be granted.

## TWENTY-SIXTH DEFENSE

To the extent that Plaintiffs' Complaint asserts a demand for punitive damages, this Defendant specifically incorporates by reference any and all standards of limitations regarding the determination and/or enforceability of punitive damage awards that arose in the decisions of *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003).

## TWENTY-SEVENTH DEFENSE

To the extent that Plaintiffs' Complaint seeks punitive damages, this Defendant affirmatively pleads the following in regard to punitive damages:

(a)    An award of punitive damages in this civil action would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the constitution of the State of Alabama;

(b)    An award of punitive damages in this civil action would violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the constitution of the State of Alabama;

(c)  The criteria used for determining whether and in what amount punitive damages may be awarded are impermissible, vague, imprecise, and inconsistent and, therefore, violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the constitution of the State of Alabama;

(d)  An award of punitive damages in this civil action would amount to an excessive fine in violation of the Eighth Amendment to the United States Constitution and the corresponding provisions of the constitution of the State of Alabama; and

(e)  Plaintiffs' claim for punitive damages is barred by the "double jeopardy" clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment.

### TWENTY-EIGHTH DEFENSE

The claims of Plaintiffs for punitive damages against Defendant cannot be upheld to the extent they are in violation of any law passed by the United States Congress or the Alabama Legislature limiting awards of punitive damages.

### TWENTY-NINTH DEFENSE

This Defendant's first notice of the claims set forth in Plaintiffs' Complaint was service of said Complaint upon it and,

accordingly, Defendant reserves the right to amend its Answer, if same becomes appropriate, after full investigation and discovery.

### THIRTIETH DEFENSE

The claims of these individual Plaintiffs are improperly joined in this lawsuit and are due to be severed as individual lawsuits, and to prosecute a trial of these claims would violate the due process rights of this defendant under the Constitutions of the United States and of the State of Alabama as well as under the applicable statutes and rules of civil procedure.

### THIRTY-FIRST DEFENSE

Plaintiffs' claims are barred by the Risk/Utility Doctrine.

### THIRTY-SECOND DEFENSE

The Plaintiffs failed to identify any product connected to this Defendant which allegedly resulted in the damages to the Plaintiffs herein.

### THIRTY-THIRD DEFENSE

Plaintiffs' claims are barred by the affirmative defense of *res judicata*.

### THIRTY-FOURTH DEFENSE

In response to the numbered paragraphs of the Plaintiffs' Complaint, this Defendant responds as follows:

## COMPLAINT

The unnumbered paragraph of Plaintiffs' Complaint does not require a response, however, to the extent a response is deemed necessary, this Defendant denies the allegations contained therein.

## JURISDICTION

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this unnumbered Paragraph of Plaintiffs' Complaint and, therefore, denies said allegations.

## STATUTE OF LIMITATIONS

The unnumbered paragraph of Plaintiffs' Complaint does not require a response, however, to the extent a response is deemed necessary, this Defendant denies the allegations contained therein.

## BACKGROUND FACTS – THE PLAINTIFFS

1.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 1 of Plaintiffs' Complaint and, therefore, denies said allegations.

2.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 2 of Plaintiffs' Complaint and, therefore, denies said allegations.

3.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 3 of Plaintiffs' Complaint and, therefore, denies said allegations.

4.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 4 of Plaintiffs' Complaint and, therefore, denies said allegations.

5.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 5 of Plaintiffs' Complaint and, therefore, denies said allegations.

6.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the

allegations in Paragraph 6 of Plaintiffs' Complaint and, therefore, denies said allegations.

7.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 7 of Plaintiffs' Complaint and, therefore, denies said allegations.

8.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 8 of Plaintiffs' Complaint and, therefore, denies said allegations.

9.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 9 of Plaintiffs' Complaint and, therefore, denies said allegations.

10.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 10 of Plaintiffs' Complaint and, therefore, denies said allegations.

11.

This   Defendant   is   without   sufficient   knowledge   or
information  upon  which  to  form  a  belief  as  to  the  truth  of  the
allegations  in  Paragraph  11  of  Plaintiffs'  Complaint  and,
therefore, denies said allegations.

## BACKGROUND FACTS – THE DEFENDANTS

12.

In  response  to  Paragraph  12  of  Plaintiffs'  Complaint,  this
Defendant  reasserts  and  realleges  its  responses  to  Paragraph  1
through  11  and  the  unnumbered  Paragraphs  of  the  Plaintiffs'
Complaint, as if alleged herein.

13.

Paragraph  13  of  Plaintiffs'  Complaint  does  not  require  a
response,  however,  to  the  extent  a  response  is  deemed  necessary,
this  Defendant  denies  the  allegations  contained  in  Paragraph  13
of Plaintiffs' Complaint.

14.

Paragraph  14  of  Plaintiffs'  Complaint  does  not  require  a
response,  however,  to  the  extent  a  response  is  deemed  necessary,
this  Defendant  denies  the  allegations  contained  in  Paragraph  14
of Plaintiffs' Complaint.

15.

This   Defendant   is   without   sufficient   knowledge   or
information  upon  which  to  form  a  belief  as  to  the  truth  of  the

allegations in Paragraph 15 of Plaintiffs' Complaint and, therefore, denies said allegations.

16.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 16 of Plaintiffs' Complaint and, therefore, denies said allegations.

17.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 17 of Plaintiffs' Complaint and, therefore, denies said allegations.

18.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 18 of Plaintiffs' Complaint and, therefore, denies said allegations.

19.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 19 of Plaintiffs' Complaint and, therefore, denies said allegations.

20.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 20 of Plaintiffs' Complaint and, therefore, denies said allegations.

21.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 21 of Plaintiffs' Complaint and, therefore, denies said allegations.

22.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 22 of Plaintiffs' Complaint and, therefore, denies said allegations.

23.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 23 of Plaintiffs' Complaint and, therefore, denies said allegations.

24.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the

allegations in Paragraph 24 of Plaintiffs' Complaint and, therefore, denies said allegations.

25.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 25 of Plaintiffs' Complaint and, therefore, denies said allegations.

26.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 26 of Plaintiffs' Complaint and, therefore, denies said allegations.

27.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 27 of Plaintiffs' Complaint and, therefore, denies said allegations.

28.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 28 of Plaintiffs' Complaint and, therefore, denies said allegations.

29.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 29 of Plaintiffs' Complaint and, therefore, denies said allegations.

30.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 30 of Plaintiffs' Complaint and, therefore, denies said allegations.

31.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 31 of Plaintiffs' Complaint and, therefore, denies said allegations.

32.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 32 of Plaintiffs' Complaint and, therefore, denies said allegations.

33.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the

allegations in Paragraph 33 of Plaintiffs' Complaint and, therefore, denies said allegations.

34.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 34 of Plaintiffs' Complaint and, therefore, denies said allegations.

35.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 35 of Plaintiffs' Complaint and, therefore, denies said allegations.

36.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 36 of Plaintiffs' Complaint and, therefore, denies said allegations.

37.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 37 of Plaintiffs' Complaint and, therefore, denies said allegations.

38.

This   Defendant   is   without   sufficient   knowledge   or information upon which to form a belief as to the truth of the allegations   in   Paragraph   38   of   Plaintiffs'   Complaint   and, therefore, denies said allegations.

39.

This   Defendant   is   without   sufficient   knowledge   or information upon which to form a belief as to the truth of the allegations   in   Paragraph   39   of   Plaintiffs'   Complaint   and, therefore, denies said allegations.

40.

This   Defendant   is   without   sufficient   knowledge   or information upon which to form a belief as to the truth of the allegations   in   Paragraph   40   of   Plaintiffs'   Complaint   and, therefore, denies said allegations.

41.

This   Defendant   is   without   sufficient   knowledge   or information upon which to form a belief as to the truth of the allegations   in   Paragraph   41   of   Plaintiffs'   Complaint   and, therefore, denies said allegations.

42.

This   Defendant   is   without   sufficient   knowledge   or information upon which to form a belief as to the truth of the

allegations in Paragraph 42 of Plaintiffs' Complaint and, therefore, denies said allegations.

43.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 43 of Plaintiffs' Complaint and, therefore, denies said allegations.

44.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 44 of Plaintiffs' Complaint and, therefore, denies said allegations.

45.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 45 of Plaintiffs' Complaint and, therefore, denies said allegations.

46.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 46 of Plaintiffs' Complaint and, therefore, denies said allegations.

47.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 47 of Plaintiffs' Complaint and, therefore, denies said allegations.

48.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 48 of Plaintiffs' Complaint and, therefore, denies said allegations.

49.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 49 of Plaintiffs' Complaint and, therefore, denies said allegations.

50.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 50 of Plaintiffs' Complaint and, therefore, denies said allegations.

51.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the

allegations in Paragraph 51 of Plaintiffs' Complaint and, therefore, denies said allegations.

52.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 52 of Plaintiffs' Complaint and, therefore, denies said allegations.

53.

In response to Paragraph 53 of Plaintiffs' Complaint, this Defendant states that it is an Arizona corporation with its principal place of business in Ohio. This Defendant denies the remaining allegations contained in Paragraph 53 of Plaintiffs' Complaint.

54.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 54 of Plaintiffs' Complaint and, therefore, denies said allegations.

55.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 55 of Plaintiffs' Complaint and, therefore, denies said allegations.

56.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 56 of Plaintiffs' Complaint and, therefore, denies said allegations.

57.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 57 of Plaintiffs' Complaint and, therefore, denies said allegations.

58.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 58 of Plaintiffs' Complaint and, therefore, denies said allegations.

59.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 59 of Plaintiffs' Complaint and, therefore, denies said allegations.

60.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the

allegations in Paragraph 60 of Plaintiffs' Complaint and, therefore, denies said allegations.

61.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 61 of Plaintiffs' Complaint and, therefore, denies said allegations.

62.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 62 of Plaintiffs' Complaint and, therefore, denies said allegations.

63.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 63 of Plaintiffs' Complaint and, therefore, denies said allegations.

64.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 64 of Plaintiffs' Complaint and, therefore, denies said allegations.

65.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 65 of Plaintiffs' Complaint and, therefore, denies said allegations.

66.

Paragraph 66 of Plaintiffs' Complaint does not require a response, however, to the extent a response is deemed necessary, this Defendant denies the allegations contained in Paragraph 66 of Plaintiffs' Complaint.

67.

Paragraph 67 of Plaintiffs' Complaint does not require a response, however, to the extent a response is deemed necessary, this Defendant denies the allegations contained in Paragraph 67 of Plaintiffs' Complaint.

68.

Paragraph 68 of Plaintiffs' Complaint does not require a response, however, to the extent a response is deemed necessary, this Defendant denies the allegations contained in Paragraph 68 of Plaintiffs' Complaint.

69.

Paragraph 69 of Plaintiffs' Complaint does not require a response, however, to the extent a response is deemed necessary,

this Defendant denies the allegations contained in Paragraph 69 of Plaintiffs' Complaint.

70.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 70 of Plaintiffs' Complaint and, therefore, denies said allegations.

71.

Paragraph 71 of Plaintiffs' Complaint does not require a response, however, to the extent a response is deemed necessary, this Defendant denies the allegations contained in Paragraph 71 of Plaintiffs' Complaint.

72.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 72 of Plaintiffs' Complaint and, therefore, denies said allegations.

73.

Paragraph 73 of Plaintiffs' Complaint does not require a response, however, to the extent a response is deemed necessary, this Defendant denies the allegations contained in Paragraph 73 of Plaintiffs' Complaint.

## <u>DEFENDANTS' CONDUCT AND PLAINTIFFS' DECEDENT'S INJURY</u>

74.

In response to Paragraph 74 of Plaintiffs' Complaint, this Defendant reasserts and realleges its responses to Paragraph 1 through 73 and the unnumbered Paragraphs of the Plaintiffs' Complaint, as if alleged herein.

75.

The allegations of Paragraph 75 of Plaintiffs' Complaint are denied.

76.

Paragraph 76 of Plaintiffs' Complaint does not require a response, however, to the extent a response is deemed necessary, this Defendant denies the allegations contained in Paragraph 76 of Plaintiffs' Complaint.

77.

The allegations of Paragraph 77 of Plaintiffs' Complaint are denied.

78.

The allegations of Paragraph 78 of Plaintiffs' Complaint, including subparagraphs (A) through (R) are denied, particularly the allegation that this Defendant caused or contributed to the Plaintiffs' Decedent's alleged asbestos-related injuries or that recovery may be had from this Defendant for any of the damages alleged.

29

79.

The allegations of Paragraph 79 of Plaintiffs' Complaint are denied.

## COUNT ONE

80.

In response to Paragraph 80 of Plaintiffs' Complaint, this Defendant reasserts and realleges its responses to Paragraph 1 through 79 and the unnumbered Paragraphs of the Plaintiffs' Complaint, as if alleged herein.

81.

Paragraph 81 of Plaintiffs' Complaint does not require a response, however, to the extent a response is deemed necessary, this Defendant denies the allegations contained in Paragraph 81 of Plaintiffs' Complaint.

82.

The allegations of Paragraph 82 of Plaintiffs' Complaint, including subparagraphs (A) through (B) are denied.

83.

The allegations of Paragraph 83 of Plaintiffs' Complaint are denied, particularly the allegation that this Defendant caused or contributed to the Plaintiffs' Decedent's alleged asbestos-related injuries.

84.

The allegations of Paragraph 84 of Plaintiffs' Complaint are denied, particularly the allegation that this Defendant caused or contributed to the Plaintiffs' Decedent's alleged asbestos-related injuries.

## COUNT TWO

85.

In response to Paragraph 85 of Plaintiffs' Complaint, this Defendant reasserts and realleges its responses to Paragraph 1 through 84 and the unnumbered Paragraphs of the Plaintiffs' Complaint, as if alleged herein.

86.

Paragraph 86 of Plaintiffs' Complaint does not require a response, however, to the extent a response is deemed necessary, this Defendant denies the allegations contained in Paragraph 86 of Plaintiffs' Complaint.

87.

The allegations of Paragraph 87 of Plaintiffs' Complaint are denied.

88.

The allegations of Paragraph 88 of Plaintiffs' Complaint are denied.

89.

The allegations of Paragraph 89 of Plaintiffs' Complaint are denied.

90.

The allegations of Paragraph 90 of Plaintiffs' Complaint are denied.

91.

The allegations of Paragraph 91 of Plaintiffs' Complaint are denied.

92.

The allegations of Paragraph 92 of Plaintiffs' Complaint are denied.

93.

The allegations of Paragraph 93 of Plaintiffs' Complaint are denied.

94.

The allegations of Paragraph 94 and subparagraphs enumerated (a) through (d), inclusive, of Plaintiffs' Complaint are denied.

95.

The allegations of Paragraph 95 of Plaintiffs' Complaint are denied.

96.

The allegations of Paragraph 96 and subparagraphs enumerated (a) through (c), inclusive, of Plaintiffs' Complaint are denied.

97.

The allegations of Paragraph 97 of Plaintiffs' Complaint are denied, particularly the allegation that this Defendant caused or contributed to the Plaintiffs' Decedent's alleged asbestos-related injuries.

### COUNT THREE

98.

In response to Paragraph 98 of Plaintiffs' Complaint, this Defendant reasserts and realleges its responses to Paragraph 1 through 97 and the unnumbered Paragraphs of the Plaintiffs' Complaint, as if alleged herein.

99.

Paragraph 99 of Plaintiffs' Complaint does not require a response, however, to the extent a response is deemed necessary, this Defendant denies the allegations contained in Paragraph 99 of Plaintiffs' Complaint.

100.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 100 of Plaintiffs' Complaint and, therefore, denies said allegations.

101.

The allegations of Paragraph 101 of Plaintiffs' Complaint are denied.

102.

The allegations of Paragraph 102 and subparagraphs enumerated (a) and (b), inclusive, of Plaintiffs' Complaint are denied.

103.

The allegations of Paragraph 103 of Plaintiffs' Complaint are denied.

104.

The allegations of Paragraph 104 of Plaintiffs' Complaint are denied, particularly the allegation that this Defendant caused or contributed to the Plaintiffs' Decedent's alleged asbestos-related injuries.

**COUNT FOUR**

105.

The allegations of Paragraph 105 of Plaintiffs' Complaint are denied.

106.

The allegations of Paragraph 106 of Plaintiffs' Complaint are denied.

107.

The allegations of Paragraph 107 and subparagraphs enumerated (A) and (JJ), inclusive, of Plaintiffs' Complaint are denied.

108.

The allegations of Paragraph 108 of Plaintiffs' Complaint are denied.

109.

The allegations of Paragraph 109 of Plaintiffs' Complaint are denied.

110.

The allegations of Paragraph 110 of Plaintiffs' Complaint are denied.

111.

The allegations of Paragraph 111 of Plaintiffs' Complaint are denied.

112.

The allegations of Paragraph 112 and subparagraphs enumerated (a) and (d), inclusive, of Plaintiffs' Complaint are denied, particularly the allegations that this Defendant caused or contributed to the Plaintiffs' and/or Plaintiffs' Decedents' alleged asbestos-related injuries.

113.

The allegations of Paragraph 113 of Plaintiffs' Complaint are denied.

114.

The allegations of Paragraph 114 of Plaintiffs' Complaint are denied.

115.

The allegations of Paragraph 115 of Plaintiffs' Complaint are denied.

116.

The allegations of Paragraph 116 of Plaintiffs' Complaint are denied.

117.

The allegations of Paragraph 117 of Plaintiffs' Complaint are denied.

118.

The allegations of Paragraph 118 of Plaintiffs' Complaint are denied.

119.

The allegations of Paragraph 119 of Plaintiffs' Complaint are denied.

120.

The allegations of Paragraph 120 of Plaintiffs' Complaint are denied.

## COUNT FIVE

121.

In response to Paragraph 121 of Plaintiffs' Complaint, this Defendant reasserts and realleges its responses to Paragraph 1 through 120 and the unnumbered Paragraphs of the Plaintiffs' Complaint, as if alleged herein.

122.

Paragraph 122 of Plaintiffs' Complaint does not require a response, however, to the extent a response is deemed necessary, this Defendant denies the allegations contained in Paragraph 122 of Plaintiffs' Complaint.

123.

The allegations of Paragraph 123 of Plaintiffs' Complaint are denied, particularly the allegation that this Defendant caused or contributed to the Plaintiffs' Decedent's alleged asbestos-related injuries.

124.

The allegations of Paragraph 124 of Plaintiffs' Complaint are denied.

## JURY DEMAND AND AD DAMNUM

Any remaining allegations of Plaintiffs' Complaint not otherwise addressed specifically above are denied, and the demands of Plaintiffs' Complaint are denied.

WHEREFORE, having fully responded to the Plaintiffs' Complaint, this Defendant respectfully demands that judgment be rendered in its favor with costs case upon the Plaintiffs.

This 4th day of May, 2007.

                                    /s/Gregory M. Taube____
                                    Gregory M. Taube
                                    Alabama Bar No. ASB-4499-A41G


NELSON MULLINS RILEY & SCARBOROUGH LLP
999 Peachtree Street, N.E.
Suite 1400
Atlanta, GA  30309
(404) 817-6000
(404) 817-6050 - Fax
COUNSEL FOR GOULD ELECTRONICS INC.

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

ROBERT COBB, et al.,                    )
                                        )
            Plaintiffs,                 ) CIVIL ACTION CASE NO.
                                        ) 2:07-CV-286-WKW
VS.                                     )
                                        )
ALBANY INTERNATIONAL, et al.,           )
                                        )
            Defendants.                 )
_____    )

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the foregoing **ANSWER OF DEFENDANT GOULD ELECTRONICS INC.** via electronic filing, to all counsel of record, including the following:

Counsel for Plaintiffs:

G. Patterson Keahey, Esq.
One Independence Plaza
Suite 612
Birmingham, AL 35209

This 4th day of May, 2007.

/s/Gregory M. Taube_____
Gregory M. Taube
Alabama Bar No. ASB-4499-A41G

NELSON MULLINS RILEY & SCARBOROUGH LLP
999 Peachtree Street, N.E.
Suite 1400
Atlanta, GA  30309
(404) 817-6000
(404) 817-6050 – Fax