IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ROBERT COBB, et al., ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ALBANY INTERNATIONAL, et al., ) <br> ) <br>     Defendants. ) <br> ) <br> ) | Case No. <br> 2:07 CV 286-WKW |

## MOTION TO DISMISS

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, defendant General Electric Company ("General Electric"), moves this Court for an order dismissing all claims asserted by the plaintiffs against it. As grounds for this motion, General Electric adopts and incorporates by reference the motion to dismiss filed by Defendant, John Crane, Inc. Additionally, General Electric submits the following:

1. The complaint asserts claims by 11 plaintiffs who have asserted claims either for alleged asbestos-related injuries or for the wrongful death of their decedents who allegedly died as a result of exposure to asbestos products. The claims of these plaintiffs are due to be dismissed because the complaint fails to state a claim upon which relief can be granted. Specifically, it fails to satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure. No specific allegations are made against any individual defendant.

2. Plaintiffs' complaint broadly alleges that the defendants were negligent, grossly negligent or otherwise manufactured defective products, but fails to allege a single fact as to which of the 11 plaintiffs used which of the defendants' products, when or how they used them,

905393.1

or which causes of action are alleged against which defendant. Instead, plaintiffs' complaint in this matter consists of nothing more than a series of conclusory allegations of law. See Complaint, paragraph 74 through paragraph 104. It is well-established that such allegations should be dismissed for failure to state a claim. See Spain v. Brown & Williamson Tobacco Corp., 872 So. 2d 101, 124 (Ala. 2003) ("Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal.") (citing Next Century Communications Corp. v. Ellis, 318 F.3d 1023, 1025 (11th Cir. 2003)); Marsh v. Butler County, Ala., 268 F.3d 1014, 1036, n. 16 (11th Cir. 2001) ("In light of the usual pleading requirements of Federal Rule of Civil Procedure 8(a), unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal.").

3. In federal cases involving complaints similar to the one before this Court, two judges held that the plaintiffs' failure to include specific factual information regarding their claims prevented the defendants from having fair notice of why they were being sued and made it impossible for the defendants to adequately defend themselves. As Chief Judge Clemon explained:

> The Complaint alleges that different groups of Defendants negligently manufactured equipment, failed to inform of possible danger, etc. However, the Complaint does not state when, where or how the Defendants have injured the Plaintiffs. Furthermore, the Plaintiffs do not explain which causes of action apply to which Defendants. Therefore, the Plaintiffs do not allow the Defendants to adequately defend themselves.

Ex. A [May 31 Order], p. 2. Likewise, Judge Proctor held:

> . . . . Plaintiffs are ORDERED to replead the complaint on or before February 28, 2005, in accordance with the following specific mandates: . . . (4) assert a proper factual basis for each claim with sufficient detail to put Defendants on notice of the claims against them (e.g. identity of product(s), purchaser(s) or other user(s) of product(s), time frame of alleged exposure(s), location(s)/employer(s) where exposure(s) occurred, contours and alleged recipient(s) of warranties, and product(s) to which warranties applied); . . . .

Ex. B [February 7 Order].

4. The holdings of Judges Proctor and Clemon are exactly on point. Plaintiffs' complaint should be dismissed unless and until they replead with specific facts as to which of the defendants' products injured which plaintiff (or plaintiff's decedent) at which work site, as well as how defendants' products allegedly injured them.

5. Alternatively, the plaintiffs' claims should be severed because they do not satisfy the requirements for joinder as set forth in Rule 20 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 20 provides that "(a)ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrence and if any question of law or fact common to all these persons will arise in the action". Here, plaintiffs allege generally that they or their decedents were exposed to asbestos. However, plaintiffs fail to allege facts indicating that their right to relief arises out of the same transaction or occurrence. In fact, there are significant differences in the (1) work histories; (2) work sites; (3) occupations; (4) lengths of employment; (5) medical backgrounds and histories; (6) injuries; and (7) exposure periods. For these reasons, the plaintiffs' claims are due to be severed if the complaint, or portions therein, are not dismissed.

WHEREFORE, PREMISES CONSIDERED, General Electric respectfully requests this Court to enter an order dismissing the claims against it, or in the alternative, to enter an order severing the individual claims and requiring the Plaintiffs to file more definite statements setting forth the information requested above.

/s S. Allen Baker, Jr.
S. Allen Baker, Jr.
Bar Number:  ASB-5990-E68S
Jenelle R. Evans
Bar Number:  ASB-2403-A35J
Attorneys for Defendant, General Electric Company
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 251-8100
E-mail: jevans@balch.com
E-mail: abaker@balch.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 7, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel who are CM/ECF participants, and I hereby certify that I have mailed by United States Postal Service the document to non-CM/ECF participants.

        Respectfully submitted,

        /s S. Allen Baker, Jr.
        S. Allen Baker, Jr.
        Bar Number:   ASB-5990-E68S
        Jenelle R. Evans
        Bar Number:  ASB-2403-A35J
        Attorney for Defendant, General Electric Company
        BALCH & BINGHAM LLP
        Post Office Box 306
        Birmingham, AL 35201-0306
        Telephone: (205) 251-8100
        Facsimile: (205) 488-5686
        E-mail: jevans@balch.com
        E-mail: abaker@balch.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ROBERT COBB, et al., )<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>ALBANY INTERNATIONAL, et al., )<br>)<br>    Defendants. )<br>)<br>) | Case No.<br>2:07 CV 286-WKW |

**EXHIBIT A TO**
**DEFENDANT'S MOTION TO DISMISS**

905393.1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

SKIP PALMER, et al.,            )
                                )
        Plaintiffs,             )
                                )
vs.                             )         Civil Action Number
                                )         7:04-cv-3262-UWC
AEARO CORPORATION, et al.,      )
                                )
        Defendants.             )
                                )
                                )

## ORDER OF DISMISSAL

Based upon the gross inadequacies of the Plaintiff's Complaint, the Court *sua sponte* DISMISSES this case without prejudice and with leave to refile a complaint that complies with all of the requirements of the Federal Rules of Civil Procedure within thirty (30) days of the date of this Order.

"Although the liberal federal rules require only notice pleading, they still require a 'short and plain statement of the claim showing the pleader is entitled to relief' .... "The pleadings still must state a 'cause of action' in the sense that it must show 'that the pleader is entitled to relief;' it is not enough to indicate merely that the plaintiff has a grievance, but sufficient detail must be given so that the defendant, and the court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal

1

basis for recovery." *Hoshman v. Esso Standard Oil Co.*, 263 F.2d 499, 501 (5th Cir. 1959)(quoting Fed. R. Civ. P. 8 (a); James Wm. Moore *et al.*, Moore's Federal Practice ¶653 (2d ed.).

Neither the Defendants nor the Court can discern from Plaintiff's Complaint a fair idea of what the Plaintiffs are complaining. The Complaint suggests that the Plaintiffs have occupational lung disease, that Plaintiffs were exposed to silica "while working at various work-sites in Alabama," and that all twenty-three (23) Defendants in some way participated in the sand blasting industry. However, it is not clear what Defendants produced which products, and the resulting causes of action related to those products.

The Complaint alleges that different groups of Defendants negligently manufactured equipment, failed to inform of possible danger, *etc.* However, the Complaint does not state when, where, or how the Defendants have injured the Plaintiffs. Furthermore, the Plaintiffs do not explain which causes of action apply to which Defendants. Therefore, the Plaintiffs do not allow the Defendants to adequately defend themselves in response to the Complaint.

Many Defendants have moved this Court to dismiss the Plaintiffs' claims for failure to state a claim for which relief can be granted, or in the alternative a more definite statement. Some Defendants answered the complaint. Rather than rely on the inadequacies of this Complaint, the Court *sua sponte* dismisses this case as to all Defendants with leave to refile a Complaint that complies with all of the requirements of

2

the Federal Rules of Civil Procedure within thirty (30) days of the date of this order.

Done this 31st day of May, 2005.



U.W. Clemon
Chief United States District Judge

3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **ROBERT COBB, et al.**, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **Case No.** |
| ) | **2:07 CV 286-WKW** |
| **ALBANY INTERNATIONAL, et al.**, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**EXHIBIT B TO**
**DEFENDANT'S MOTION TO DISMISS**

905393.1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SIDNEY CHANCELLOR, et al., | } |
| | } |
| Plaintiffs, | } |
| | } |
| v. | } Case No.: CV 04-P-3102-S |
| | } |
| AIR LIQUIDE AMERICA CORP., et al., | } |
| | } |
| Defendants. | } |

### ORDER

The court held a status conference in this case on February 4, 2005. On January 28, 2005, the Judicial Panel on Multidistrict Litigation notified this court that the Panel has received a notice of opposition to the conditional transfer order in this case and that, therefore, this court is "free to rule" on any pending motions while the question of transfer is briefed by the parties and considered by the Panel.

In accordance with the court's rulings at the status conference, the following motions are **GRANTED**:

(1) U.S. Silica Company's Motion for More Definite Statement (Doc. # 27), filed November 30, 2004;

(2) Louis M Gerson Inc.'s Motion for More Definite Statement (Doc. # 43), filed December 16, 2004;

(3) Mine Safety Appliances Company (MSA)'s Motion for More Definite Statement (Doc. # 55), filed January 10, 2005; and

(4) Empire Abrasive Equipment Company's Motion for More Definite Statement (Doc. # 73), filed January 20, 2005.

The court has reviewed the October 8, 2004 order issued by the Honorable Karon O. Bowdre in the predecessor case of *Chancellor v. Air Liquide America Corp.*, CV-04-BE-2554-S (Doc. #79).[1] Consistent with that order and the court's status conference rulings, Plaintiffs are **ORDERED** to replead the complaint **on or before February 28, 2005**, in accordance with the following specific mandates:

(1)   properly allege a basis for diversity jurisdiction;

(2)   include all proper parties in the caption in accordance with Rule 10(a);

(3)   include a separate count for each cause of action that specifically delineates which claims are asserted against which Defendant;

(4)   assert a proper factual basis for each claim with sufficient detail to put Defendants on notice of the claims against them (*e.g.*, identity of product(s), purchaser(s) or other user(s) of product(s), time frame of alleged exposure(s), location(s)/employer(s) where exposure(s) occurred, contours and alleged recipient(s) of warranties, and product(s) to which warranties applied);

(5)   plead with particularity any fraud claims in accordance with Rule 9(b) (*e.g.*, identity of purchaser(s) and any other party to whom representation(s) was made, time frame when alleged representation(s) was made, and identity of person(s) who allegedly made representation(s)); and

(6)   ensure that each claim pled has a proper legal basis.

---

[1] Plaintiffs originally filed this action in federal court on August 26, 2004. *See Chancellor v. Air Liquide America Corp.*, CV-04-BE-2554-S. After having determined that Plaintiffs' complaint was a quintessential "shotgun complaint," Judge Bowdre issued an order dismissing the case without prejudice on October 8, 2004 due to the "gross inadequacies of the Plaintiffs' complaint." CV-04-BE-2554-S (Doc. #79). Judge Bowdre's order granted Plaintiffs leave to refile a complaint within 20 days, provided that any refiled complaint "complies with all the requirements of the Federal Rules of Civil Procedure." CV-04-BE-2554-S (Doc. #79). Specifically, Judge Bowdre noted that the August 26, 2004 complaint, among other things, failed to place the Defendants on notice of the nature of the claims against them, failed to state with particularity the circumstances constituting fraud, and failed to name spouses as plaintiffs for loss of consortium claims. CV-04-BE-2554-S (Doc. #79). On October 28, 2004, the Plaintiffs refiled their complaint in this case. (Doc. #1).

Given that the court has ordered repleading of the complaint, the following motions are **DENIED, WITHOUT PREJUDICE**:

(1) U.S. Silica Company's Motion to Dismiss under 12(b)(6) (Doc. # 27), filed November 30, 2004;

(2) Norton Company (Safety Products Division-USA Norton Company)'s Motion to Dismiss under 12(b)(6) (Doc. # 30), filed November 30, 2004;

(3) Eastern Safety Equipment Company, Inc.'s Motion to Dismiss under 12(b)(6) (Doc. # 31), filed December 1, 2004;

(4) Dalloz Safety Inc.'s Motion to Dismiss under 12(b)(6) (Doc. # 36), filed December 3, 2004;

(5) General Electric's Motion to Dismiss under 12(b)(6) (Doc. # 39), filed December 14, 2004;

(6) Norton Company (Safety Products Division-USA Norton Company)'s Motion to Dismiss under 12(b)(6) (Doc. # 40), filed December 15, 2004;

(7) Louis M Gerson Inc.'s Motion to Dismiss under 12(b)(6) (Doc. # 43), filed December 16, 2004;

(8) Mine Safety Appliances Company (MSA)'s Motion to Dismiss under 12(b)(6) (Doc. # 55), filed January 10, 2005;

(9) Empire Abrasive Equipment Company's Motion to Dismiss under 12(b)(6) (Doc. # 73), filed January 20, 2005; and

(10) U.S. Silica Company's Motion to Dismiss for Lack of Jurisdiction (Doc. # 94), filed January 28, 2005.

**DONE and ORDERED** this \_\_\_4th\_\_\_ day of February, 2005.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

3