IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **ROBERT COBB, et al.** | ) | |
| | ) | |
| | ) | |
| **PLAINTIFFS,** | ) | |
| | ) | |
| v. | ) | CASE NO. 2:07-CV-286-WKW |
| | ) | |
| **ALBANY INTERNATIONAL, et al.,** | ) | |
| | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

**MOTION TO DISMISS, OR IN THE ALTERNATIVE,
MOTION TO SEVER AND FOR MORE DEFINITE STATEMENT,
AND MEMORANDUM IN SUPPORT THEREOF**

COMES NOW Defendant, BONDEX INTERNATIONAL, INC., and moves this Honorable Court to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted in that it fails to comply with Rule 8 of the Federal Rules of Civil Procedure.  In the alternative, Defendant moves for an order severing the claims of the Plaintiffs and for an Order requiring Plaintiffs to provide a more definite statement of their claims.  In support thereof, Defendant would show unto the Court the following:

**I.      History and Procedural Background.**

This personal injury action involves the claims of eleven (11) plaintiffs against fifty-two (52) defendants, including Bondex International, Inc. The Plaintiffs only generally contend that they or their decedents have been "continually exposed to asbestos containing products produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants…." (Complaint, ¶¶ 1-11).  Plaintiffs further contend without specificity

1

that they or their decedents worked around "furnaces, boilers, turbines, and other industrial equipment….which contained significant amounts of asbestos-containing products and materials." (Complaint, ¶¶ 1-11).

## II. Plaintiffs' Complaint Fails to State a Claim Upon Which Relief May Be Granted Pursuant to 12(b)(6) and 8(a) of the Federal Rules of Civil Procedure.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Plaintiffs' Complaint should be dismissed because it fails to state a claim upon which relief can be granted. The allegations contained therein are inadequate and essentially comprised of a series of broad statements directed at all defendants without any clarification. Such "blanket pleadings" deprive Bondex International, Inc. of any meaningful opportunity to investigate the Plaintiffs' claims and prepare a meaningful response. A complaint which on its face is vague and ambiguous does not constitute a well pled complaint. *See*, *generally*, *Byrne v. Nezhat*, 261 F.3d at 1128-1131 (11th Cir. 2001). The Complaint in this case fails to specify where, when or how the Plaintiffs and/or their Decedents were allegedly exposed to asbestos or which of the numerous defendants are responsible for the alleged exposure and resulting injuries. Simply stating where each Plaintiff or each Plaintiffs' Decedent worked and the dates of employment with a general averment that there were "significant amounts of asbestos-containing products and materials" is not enough. As such, the Complaint fails to state a claim upon which relief may be granted and is due to be dismissed. A "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Adams v. Franklin*, 111 F.Supp. 2d 1255, 1259 (M.D. Ala. 2000)(citations omitted). "However, conclusory allegations or legal conclusions masquerading as factual allegations will not suffice to prevent a motion to dismiss." *Jefferson v. Lead Industries Ass'n, Inc.*, 106 F.3d 1245, 1250 (5th Cir. 1997)

(citations omitted).

Federal Rule of Civil Procedure 8(a) requires that a pleading which sets forth a claim for relief must contain a plain statement of the claim showing that the pleader is entitled to relief. Additionally, each averment in a complaint must "be simple, concise and direct." *Id*. Where a plaintiff's complaint fails to support any claims as to the defendants, it is proper to dismiss the defendants from the action. In this matter, the Plaintiffs have failed to meet their burden and have chosen instead to employ the "shotgun" approach to pleading which is disfavored by the judiciary. *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). In *Magluta*, the Court described a shotgun complaint as one that ignores the requirement of a "short and plain statement." *Id*. Instead, the shotgun complaint identifies multiple defendants and charges each defendant with the same conduct, "though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of." *Id*. The Complaint in this matter does exactly the same thing that the Eleventh Circuit has repeatedly condemned.

In *Sidney Chancellor, et al. v. Air Liquide America Corp., et al.*, Case No. CV-04-BE-2554-S (N.D. Ala., Oct. 8, 2004), (unpublished) Judge Karon O. Bowdre *sua sponte* dismissed a similar shotgun complaint, without prejudice, due to the plaintiffs' failure to state a claim upon which relief could be granted and failure to plead with the required particularity. The court stated that the complaint, "[a]t best ... suggests only that plaintiffs have respiratory illnesses, that plaintiffs were exposed to silica during all or part of [their] working lives ... while working at various worksites in Alabama and other states, and that all seventy-five named defendants were in some way participants in the sand blasting industry." *Id*. at 2. Furthermore, "the complaint forces the defendants to guess at what they each may have done to injure the plaintiffs, and when, where and how." *Id*. In holding that dismissal was the correct approach, the court stated, "[t]he court is acutely aware of its duty to

3

dispose of shotgun complaints at the earliest opportunity ... Rather than wait until justice has been obstructed by the inadequacies of this complaint and 'scarce judicial and parajudicial resources' are further wasted, the court *sua sponte* dismisses this case as to all defendants without prejudice and with leave to refile a complaint that complies with all of the requirements of the Federal Rules of Civil Procedure." *Id*. at 2-3. The Order of Dismissal, entered on the court record on October 8, 2004, is attached hereto as Exhibit "1."

Chief Judge U. W. Clemon in the Northern District of Alabama ordered the *sua sponte* dismissal of *Skip Palmer, et al, v. Aearo Corp., et al*., Case No. 7.04-CV-3262-UWC (N.D. Ala., May 31, 2005) (unpublished) on similar grounds. Chief Judge Clemon noted:

> Neither the Defendants nor the Court can discern from Plaintiff's Complaint a fair idea of what the Plaintiffs are complaining.  The Complaint suggests that the Plaintiffs have occupational lung disease, that Plaintiffs were exposed to silica "while working at various work-sites in Alabama," and that all twenty-three (23) Defendants in some way participated in the sand blasting industry.  However, it is not clear what Defendants produced which products, and the resulting causes of action related to those products.
>
> The Complaint alleges that different groups of Defendants negligently manufactured equipment, failed to inform of possible danger, *etc.* However, the Complaint does not state when, where, or how the Defendants have injured the Plaintiffs.  Furthermore, the Plaintiffs do not explain which causes of action apply to which Defendants.  Therefore, the Plaintiffs do not allow the Defendants to adequately defend themselves in response to the Complaint.

*Id*. The Order of Dismissal, entered on the court record on May 31, 2005, is attached hereto as Exhibit "2."

In this case, the Plaintiffs generically name numerous products allegedly manufactured by fifty-two (52) defendants, which might have caused, directly or indirectly, harm to the Plaintiffs or their Decedents.  Like *Chancellor*, the vague nature of the Complaint forces all of the defendants, including Bondex International, Inc., to guess "what each may have done to injure the plaintiffs, and

4

when, where and how." (*Chancellor*, Ex. "1" at p. 2).  Although the Complaint lists vague descriptions of products produced or distributed by the Defendants, it fails to make clear "the resulting causes of action related to those products." (*Palmer*, Ex. "2" at p.2).  In short, the Plaintiffs have failed to give sufficient detail "so that the defendant[s], and the court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery." *Id*.  Because Plaintiffs' Complaint fails to provide a short and plain statement of Plaintiff's claims, it fails to state a claim upon which relief may be granted and is due to be dismissed.

The Plaintiffs' shotgun approach to pleading is even more evident beginning with paragraph 14 of the Complaint wherein the Plaintiff uses the label "Producer Defendants" to refer to the defendants named therein, stating: "The asbestos-containing products produced by each defendant that have been identified at plaintiffs' workplace, during **his** employment years there, are set out hereinbelow."  First, defendants have no idea to which plaintiff the word "his" refers to in the Complaint as there are 11 named plaintiffs, not just one.  Plaintiffs then proceed to list generic product types for each of the defendants, including the allegation that Bondex International, Inc. produced "Asbestos containing products including but not limited to Paper Products;…Drywall Products." (Complaint, ¶ 22).  However, there is absolutely no information to apprise Bondex International, Inc. as to which "workplace," let alone the period of employment, the Plaintiffs are referring to nor how, when or where the Plaintiffs or their Decedents were allegedly exposed to the products.  Further, the remaining paragraphs of the Complaint go on to allege five causes of action against the Defendants.   All causes of action are generically linked to all of the defendants named therein. Chief Judge U.W. Clemon of the Northern District of Alabama  previously dismissed the case of *Vera Beavers, et al. v. A.O. Smith Electrical Products Company, et al.,* Civil Action No. 2:06-CV-899-UWC (N.D. Ala. May 8, 2006), on several grounds, including the fact that the

5

Plaintiffs' Complaint did "not specifically link specific causes of action to a specific Defendant."[1] See *Order of Dismissal* (N.D. Ala. August 31, 2006) and *Memorandum Opinion on Motions to Dismiss* (N.D. Ala. August 31, 2006) attached hereto collectively as Exhibit "3." Likewise, the Plaintiffs in this case have failed to link specific causes of action to specific Defendants, and as a result thereof, their claims are due to be dismissed.

### III.   The Claims of Plaintiff, William E. Pitchford, should be Dismissed for Failure to Comply with Alabama's Statute of Limitations.

Pursuant to Ala. Code § 6-2-39 (repealed in 1980), Alabama had a one year statute of limitations for personal injury actions not resulting in death. This meant that the cause of action accrued and the statute of limitations began to run from the date the injured person was last exposed to the danger. This rule was changed in 1980, but the Alabama Supreme Court has declared that the change did not apply retroactively. See *Tyson v. Johns-Mansville Sales Corp.*, 399 So.2d 263 (Ala. 1981) and *Johnson v. Garlock, Inc.*, 682 So.2d. 25, 26-28 (Ala. 1996). Accordingly, a personal injury plaintiff who was last exposed to asbestos before May 19, 1979 must bring suit within one year of the last date of exposure. *Id.* The claims of plaintiff, William E. Pitchford ("Pitchford"), are due to be dismissed because they were not brought within one year of the last date of his alleged exposure to asbestos based on the information contained in the Complaint. The Complaint alleges that Pitchford worked "…as a prentice helper for Adamore Insulation-Contractor from 1963-1964 at Port Everglades in Fort Lauderdale, Florida; as a laborer through his local contractor Johns-Manville from 1963-1970 at Turkey Point and Fort Lauderdale, Florida; as a mechanic at the Turkey Point Power Plant from 1965-1966 in South Miami, Florida; as a laborer for Shook & Fletcher from 1973-

---

[1] Plaintiffs appealed the District Court's dismissal of this action to Eleventh Circuit. Prior to the appeal, Plaintiffs filed a Motion for Reconsideration with the District Court. After the appeal had been filed, the District Court set a hearing on Plaintiffs' Motion for Reconsideration. The District Court denied the Plaintiffs' Motion for Reconsideration. Plaintiffs subsequently appealed the District Court's denial of the Motion for Reconsideration and has filed a Motion to Consolidate both appeals (the original

1975 in Birmingham, Alabama..." (Complaint, ¶ 8.). On the face of the Complaint, Pitchford's claims are barred for failing to bring suit within the applicable statute of limitations. As such, his claims are due to be dismissed.

**IV.     Plaintiffs are Not Properly Joined Under Rule 20 of the *Federal Rules of Civil Procedure* and Their Claims Should Therefore be Severed.**

Rule 20 of the *Federal Rules of Civil Procedure*, provides, in pertinent part, that "[a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." Here, Plaintiffs allege generally that they or their Decedents have been exposed to asbestos and asbestos-containing products. However, Plaintiffs fail to allege facts indicating that their right to relief arises out of the same transaction[s] or occurrences[s]. Rather, Plaintiffs require defendants, and this Court, to presume that a common set of facts, or question of law, forms the basis of their claims. Bondex International, Inc. submits that FRCP 20 requires more than mere presumptions for two or more plaintiffs to join in an action for relief. As such, Bondex International, Inc. seeks severance of the Plaintiffs' Complaint.

Moreover, the lack of common relief likewise warrants severance of Plaintiffs' claims. The Complaint filed by Plaintiffs is a mix of wrongful death and personal injury claims. It is well settled that wrongful death plaintiffs in Alabama are only entitled to punitive damages and not to compensatory damages available to personal injury plaintiffs. *Cherokee Elec. Coop. v. Cochran*, 706 So.2d 1188, 11193 (Ala. 1997). If nothing else, the wrongful death claims should be severed from the personal injury claims.

---

dismissal and the denial of the Motion for Reconsideration) with the Eleventh Circuit.

**V.     Alternatively, Plaintiffs Should be Required to Provide a More Definite Statement of Their Claims in Accordance with Rule 12(e) of the *Federal Rules of Civil Procedure*.**

Federal Rule of Civil Procedure 12(e) provides that "[if] a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing a responsive pleading." The law requires specificity such that a defendant is aware of the claims brought against it and is able to file responsive pleadings in good faith. If a petition is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the defendant may file a motion for more definite statement. *See Sisk v. Texas Park and Wildlife Dept.,* 644 F.2d 1056, 1059 (5th Cir. 1981).

As discussed above, Plaintiffs' Complaint fails to put Bondex International, Inc. on notice as to the transactions or occurrences that form the basis of their claims. Indeed, Plaintiffs fail to aver any dates, worksites, or other facts surrounding their alleged use of a Bondex International, Inc. product or how the use of such a product contributed to their alleged injuries. Bondex International, Inc. cannot properly respond to such bare allegations. As such, Bondex International, Inc. alternatively moves this Court for an Order requiring Plaintiffs to provide a more definite statement of their claims pursuant to Federal Rule of Civil Procedure 12(e).

**VI.     Conclusion.**

For the foregoing reasons, the Plaintiffs have not alleged the basic facts necessary under Rule 12(b)(6) to state a claim for which relief can be granted as to Bondex International, Inc., in violation of Rule 8 of the Federal Rules of Civil Procedure. Accordingly, Bondex International, Inc.'s Rule

12(b)(6) motion should be granted, dismissing all of the Plaintiffs' claims against Bondex International, Inc., with prejudice and at Plaintiffs' cost. Moreover, the claims of plaintiff, William E. Pitchford, are due to be dismissed for failure to comply with Alabama's statute of limitations. Further, Plaintiffs have attempted to join their claims in violation of Federal Rule of Civil Procedure 20, without any justifiable assertion that their claims arise out of the same series of transactions or occurrences and despite the fact that common relief can not be had among the Plaintiffs. As such, Plaintiffs claims are due to be severed. Alternatively, should this Honorable Court deny Bondex International, Inc.'s motion to dismiss, Bondex International, Inc. respectfully submits that its Rule 12(e) motion for more definite statement should be granted and the Plaintiffs ordered to amend their Complaint to provide sufficient particulars, including: (i) Plaintiffs and Plaintiffs' Decedents occupation and/or trade for all job sites; (ii) Plaintiffs' and Plaintiffs' Decedents' employers, period of employment and job descriptions; (iii) the approximate time and locations where Plaintiffs were allegedly exposed to asbestos-containing products allegedly manufactured by Bondex International, Inc.; (iv) the brand of products to which Plaintiffs or Plaintiffs' Decedents were allegedly exposed; (v) the specific Defendants' products to which the Plaintiffs and Plaintiffs' Decedents were allegedly exposed; and (vi) Plaintiffs' basis, if any, for linking Bondex International, Inc. to Plaintiffs' and Plaintiffs' Decedents' alleged asbestos exposure.

        Respectfully submitted,


        /s/ Timothy A. Clarke
        F. GREY REDDITT (ASB-5142-R64D)
        TIMOTHY A. CLARKE (ASB-1440-R67T)
        *Attorneys for Bondex International, Inc.*

**OF COUNSEL:**
VICKERS, RIIS, MURRAY AND CURRAN, L.L.C.
P. O. Drawer 2568
Mobile, AL 36652-2568
Telephone:   (251) 432-9772
Facsimile:   (251) 432-9781
Email: gredditt@vickersriis.com
       tclarke@vickersriis.com


## CERTIFICATE OF SERVICE

     I hereby certify that on May 7, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to counsel who are CM/ECF participants.

        /s/ Timothy A. Clarke
        TIMOTHY A. CLARKE