THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ROBERT COBB, | ) |
| | ) |
| HARRY FANCHER, | ) |
| | ) |
| JOHN HENRY HAMMACK, | ) |
| | ) CASE NO. 2:07-CV-286-WKW |
| GERALD A. HANSEN, | ) |
| | ) JURY TRIAL DEMANDED |
| BOBBY HARRISON, | ) |
| | ) |
| ELOISE LEWIS, Individually and as | ) |
| Personal Representative of the Estate of | ) |
| PRINCE ALBERT LEWIS, | ) |
| | ) |
| HARLAN L. OBERG, | ) |
| | ) |
| WILLIAM E. PITCHFORD, | ) |
| | ) |
| GREER BELCHER Individually and as | ) |
| Daughter and Personal Representative of the | ) |
| Estate of MICHAEL RAMSEY, | ) |
| | ) |
| SANDRA WATKINS, Individually and as | ) |
| Spouse and Personal Representative for the | ) |
| Estate of WILLIE FRANK WATKINS, | ) |
| | ) |
| JACQUELINE DAILEY, Individually and as | ) |
| Daughter and Personal Representative for the | ) |
| Estate of JAMES LEE WIGGINS, deceased, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| ALBANY INTERNATIONAL, et al., | ) |
| | ) |
| Defendants. | ) |

ANSWER AND DEFENSES OF METROPOLITAN
LIFE INSURANCE COMPANY TO PLAINTIFFS' COMPLAINT
WITH JURY DEMAND ENDORSED THEREON

Comes now Metropolitan Life Insurance Company ("Metropolitan Life"), one of

the Defendants in the above-styled and numbered cause, by and through counsel, and answers the

Plaintiffs' Complaint and each and every Cross-Claim filed hereafter by any other Defendant or

Third-Party Defendant as follows:

1.      The allegations contained in the unnumbered paragraph following the heading

"JURISDICTION" are conclusions of law, for which no response is required; to the extent they may be

deemed allegations of fact, Metropolitan Life denies them insofar as they are directed against

Metropolitan Life, except that Metropolitan Life admits that it is a Life Insurance Company of the State

of New York.  Metropolitan Life is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in the unnumbered paragraph following the heading

"JURISDICTION" of the Complaint to the extent said allegations relate to others.

2.      The allegations contained in the unnumbered paragraph following the

heading "STATUTE OF LIMITATIONS" of the Complaint are conclusions of law, for which no

response is required; to the extent they may be deemed allegations of fact, Metropolitan Life

denies them insofar as they are directed against Metropolitan Life, and is without knowledge or

information sufficient to form a belief as to their truth to the extent said allegations relate to

others.

3.      Metropolitan Life denies the allegations contained in paragraph 1 of the

Complaint, including all unnumbered paragraphs contained therein, insofar as the allegations are

directed against Metropolitan Life.  Metropolitan Life is without knowledge or information

sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, including all unnumbered paragraphs contained therein, to the extent said allegations relate to others.

4.    Metropolitan Life denies the allegations contained in paragraph 2 of the Complaint, including all unnumbered paragraphs contained therein, insofar as the allegations are directed against Metropolitan Life.  Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, including all unnumbered paragraphs contained therein, to the extent said allegations relate to others.

5.    Metropolitan Life denies the allegations contained in paragraph 3 of the Complaint, including all unnumbered paragraphs contained therein, insofar as the allegations are directed against Metropolitan Life.  Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, including all unnumbered paragraphs contained therein, to the extent said allegations relate to others.

6.    Metropolitan Life denies the allegations contained in paragraph 4 of the Complaint, including all unnumbered paragraphs contained therein, insofar as the allegations are directed against Metropolitan Life.  Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, including all unnumbered paragraphs contained therein, to the extent said allegations relate to others.

7.    Metropolitan Life denies the allegations contained in paragraph 5 of the

Complaint, including all unnumbered paragraphs contained therein, insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, including all unnumbered paragraphs contained therein, to the extent said allegations relate to others.

        8.     Metropolitan Life denies the allegations contained in paragraph 6 of the Complaint, including all unnumbered paragraphs contained therein, insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, including all unnumbered paragraphs contained therein, to the extent said allegations relate to others.

        9.     Metropolitan Life denies the allegations contained in paragraph 7 of the Complaint, including all unnumbered paragraphs contained therein, insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, including all unnumbered paragraphs contained therein, to the extent said allegations relate to others.

        10.     Metropolitan Life denies the allegations contained in paragraph 8 of the Complaint, including all unnumbered paragraphs contained therein, insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, including all unnumbered paragraphs contained therein, to the extent said allegations

relate to others.

11.    Metropolitan Life denies the allegations contained in paragraph 9 of the Complaint, including all unnumbered paragraphs contained therein, insofar as the allegations are directed against Metropolitan Life.  Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, including all unnumbered paragraphs contained therein, to the extent said allegations relate to others.

12.    Metropolitan Life denies the allegations contained in paragraph 10 of the Complaint, including all unnumbered paragraphs contained therein, insofar as the allegations are directed against Metropolitan Life.  Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, including all unnumbered paragraphs contained therein, to the extent said allegations relate to others.

13.    Metropolitan Life denies the allegations contained in paragraph 11 of the Complaint, including all unnumbered paragraphs contained therein, insofar as the allegations are directed against Metropolitan Life.  Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, including all unnumbered paragraphs contained therein, to the extent said allegations relate to others.

14.    Metropolitan Life reasserts and incorporates by reference its responses to all of the averments and allegations set forth in the paragraphs preceding paragraph 12 of the Complaint, inclusive, as though fully set forth herein in response to paragraph 12 of the

Complaint.

15.    Metropolitan Life denies the allegations contained in paragraph 13 of the Complaint insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint to the extent said allegations relate to others.

16.    Metropolitan Life denies the allegations contained in paragraph 14 of the Complaint insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint to the extent said allegations relate to others.

17.    Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 15 through 51 of the Complaint, including all of their subparts.

18.    Metropolitan Life denies the allegations contained in paragraph 52 of the Complaint, including all of its subparts, except that Metropolitan Life admits that it is a life insurance company of the State of New York licensed to do business in the State of Alabama.

19.    Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 53 through 65 of the Complaint, including all of their subparts.

20.    Metropolitan Life denies the allegations contained in paragraph 66 of the Complaint insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint to the extent said allegations relate to others.

21.    Metropolitan Life denies the allegations contained in paragraph 67 of the Complaint insofar as the allegations are directed against Metropolitan Life.  Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint to the extent said allegations relate to others.

22.    Metropolitan Life denies the allegations contained in paragraph 68 of the Complaint insofar as the allegations are directed against Metropolitan Life.  Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Complaint to the extent said allegations relate to others.

23.    Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint.

24.    Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint, including all of its subparts.

25.    Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Complaint.

26.    Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Complaint, including all of its subparts.

27.    The allegations contained in paragraph 73 of the Complaint, including all of its subparts, are Plaintiffs' characterization of their case and conclusions of law, for which no response is required; to the extent they may be deemed allegations of fact, Metropolitan Life denies them insofar as they are directed against Metropolitan Life, and is without knowledge or

information sufficient to form a belief as to their truth to the extent said allegations relate to others.

28.    Metropolitan Life reasserts and incorporates by reference its responses to all of the averments and allegations set forth in the paragraphs preceding paragraph 74 of the Complaint, inclusive, as though fully set forth herein in response to paragraph 74 of the Complaint.

29.    Metropolitan Life denies the allegations contained in paragraph 75 of the Complaint insofar as the allegations are directed against Metropolitan Life.  Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Complaint to the extent said allegations relate to others.

30.    Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Complaint.

31.    Metropolitan Life denies the allegations contained in paragraph 77 of the Complaint insofar as the allegations are directed against Metropolitan Life.  Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Complaint to the extent said allegations relate to others.

32.    The allegations contained in paragraph 78 of the Complaint, including all of its subparts, are conclusions of law, for which no response is required; to the extent they may be deemed allegations of fact, Metropolitan Life denies them insofar as they are directed against Metropolitan Life, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

33.    The allegations contained in paragraph 79 of the Complaint are

conclusions of law, for which no response is required; to the extent they may be deemed

allegations of fact, Metropolitan Life denies them insofar as they are directed against

Metropolitan Life, and is without knowledge or information sufficient to form a belief as to their

truth to the extent said allegations relate to others.

AS TO COUNT ONE

34.    Metropolitan Life reasserts and incorporates by reference its responses to

all of the averments and allegations set forth in the paragraphs preceding paragraph 80 of the

Complaint, inclusive, as though fully set forth herein in response to paragraph 80 of the

Complaint.

35.    The allegations contained in paragraph 81 of the Complaint are

conclusions of law, for which no response is required; to the extent they may be deemed

allegations of fact, Metropolitan Life denies them insofar as they are directed against

Metropolitan Life, and is without knowledge or information sufficient to form a belief as to their

truth to the extent said allegations relate to others.

36.    The allegations contained in paragraph 82 of the Complaint, including all

of its subparts, are conclusions of law, for which no response is required; to the extent they may

be deemed allegations of fact, Metropolitan Life denies them insofar as they are directed against

Metropolitan Life, and is without knowledge or information sufficient to form a belief as to their

truth to the extent said allegations relate to others.

37.    The allegations contained in paragraph 83 of the Complaint are

conclusions of law, for which no response is required; to the extent they may be deemed

allegations of fact, Metropolitan Life denies them insofar as they are directed against

9

Metropolitan Life, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

38.    Metropolitan Life denies the allegations contained in paragraph 84 of the Complaint insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of the Complaint to the extent said allegations relate to others.

AS TO COUNT TWO

39.    Metropolitan Life reasserts and incorporates by reference its responses to all of the averments and allegations set forth in the paragraphs preceding paragraph 85 of the Complaint, inclusive, as though fully set forth herein in response to paragraph 85 of the Complaint.

40.    The allegations contained in paragraph 86 of the Complaint are conclusions of law, for which no response is required; to the extent they may be deemed allegations of fact, Metropolitan Life denies them insofar as they are directed against Metropolitan Life, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

41.    Metropolitan Life denies the allegations contained in paragraph 87 of the Complaint.

42.    Metropolitan Life denies the allegations contained in paragraph 88 of the Complaint.

43.    The allegations contained in paragraph 89 of the Complaint are conclusions of law, for which no response is required; to the extent they may be deemed

allegations of fact, Metropolitan Life denies them, and it denies that it is liable to the Plaintiffs or anyone else for any amount.

44.     The allegations contained in paragraph 90 of the Complaint are conclusions of law, for which no response is required; to the extent they may be deemed allegations of fact, Metropolitan Life denies them.

45.     Metropolitan Life denies the allegations contained in paragraph 91 of the Complaint insofar as the allegations are directed against Metropolitan Life.  Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91 of the Complaint to the extent said allegations relate to others.

46.     Metropolitan Life denies the allegations contained in paragraph 92 of the Complaint.

47.     Metropolitan Life denies the allegations contained in paragraph 93 of the Complaint.

48.     Metropolitan Life denies the allegations contained in paragraph 94 of the Complaint, including all of its subparts.

49.     The allegations contained in paragraph 95 of the Complaint are conclusions of law, for which no response is required; to the extent they may be deemed allegations of fact, Metropolitan Life denies them, and it denies that it is liable to the Plaintiffs or anyone else for any amount.

50.     Metropolitan Life denies the allegations contained in paragraph 96 of the Complaint, including all of its subparts.

51.     Metropolitan Life denies the allegations contained in paragraph 97 of the

11

Complaint.

AS TO COUNT THREE

52.     Metropolitan Life reasserts and incorporates by reference its responses to all of the averments and allegations set forth in the paragraphs preceding paragraph 98 of the Complaint, inclusive, as though fully set forth herein in response to paragraph 98 of the Complaint.

53.     The allegations contained in paragraph 99 of the Complaint are conclusions of law, for which no response is required; to the extent they may be deemed allegations of fact, Metropolitan Life denies them insofar as they are directed against Metropolitan Life, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

54.     Metropolitan Life denies the allegations contained in paragraph 100 of the Complaint insofar as the allegations are directed against Metropolitan Life.  Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 of the Complaint to the extent said allegations relate to others.

55.     The allegations contained in paragraph 101 of the Complaint are conclusions of law, for which no response is required; to the extent they may be deemed allegations of fact, Metropolitan Life denies them insofar as they are directed against Metropolitan Life, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

56.     Metropolitan Life denies the allegations contained in paragraph 102 of the Complaint, including all of its subparts, insofar as the allegations are directed against Metropoli-

12

tan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 of the Complaint, including all of its subparts, to the extent said allegations relate to others.

57.    Metropolitan Life denies the allegations contained in paragraph 103 of the Complaint insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 of the Complaint to the extent said allegations relate to others.

58.    Metropolitan Life denies the allegations contained in paragraph 104 of the Complaint insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 of the Complaint to the extent said allegations relate to others.

AS TO COUNT FOUR

59.    Metropolitan Life denies the allegations contained in paragraph 105 of the Complaint.

60.    Metropolitan Life denies the allegations contained in paragraph 106 of the Complaint.

61.    The allegations contained in paragraph 107 of the Complaint, including all of its subparts, are conclusions of law, for which no response is required; to the extent they may be deemed allegations of fact, Metropolitan Life denies those allegations.

62.    Metropolitan Life denies the allegations contained in paragraph 108 of the Complaint.

63.    Metropolitan Life denies the allegations contained in paragraph 109 of the

Complaint.

64.     The allegations contained in paragraph 110 of the Complaint are
conclusions of law, for which no response is required; to the extent they may be deemed
allegations of fact, Metropolitan Life denies those allegations.

65.     Metropolitan Life denies the allegations contained in paragraph 111 of the
Complaint.

66.     The allegations contained in paragraph 112 of the Complaint, including all
of its subparts, are conclusions of law, for which no response is required; to the extent they may
be deemed allegations of fact, Metropolitan Life denies them.

67.     Metropolitan Life denies the allegations contained in paragraph 113 of the
Complaint.

68.     Metropolitan Life denies the allegations contained in paragraph 114 of the
Complaint.

69.     Metropolitan Life denies the allegations contained in paragraph 115 of the
Complaint.

70.     Metropolitan Life denies the allegations contained in paragraph 116 of the
Complaint.

71.     Metropolitan Life denies the allegations contained in paragraph 117 of the
Complaint.

72.     Metropolitan Life denies the allegations contained in paragraph 118 of the
Complaint.

73.     Metropolitan Life denies the allegations contained in paragraph 119 of the

Complaint.

74.     Metropolitan Life denies the allegations contained in paragraph 120 of the Complaint.

## AS TO COUNT FIVE

75.     Metropolitan Life reasserts and incorporates by reference its responses to all of the averments and allegations set forth in the paragraphs preceding paragraph 121 of the Complaint, inclusive, as though fully set forth herein in response to paragraph 121 of the Complaint.

76.     The allegations contained in paragraph 122 of the Complaint are conclusions of law, for which no response is required; to the extent they may be deemed allegations of fact, Metropolitan Life denies them insofar as they are directed against Metropolitan Life, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

77.     The allegations contained in paragraph 123 of the Complaint are conclusions of law, for which no response is required; to the extent they may be deemed allegations of fact, Metropolitan Life denies them insofar as they are directed against Metropolitan Life, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

78.     The allegations contained in paragraph 124 of the Complaint are conclusions of law, for which no response is required; to the extent they may be deemed allegations of fact, Metropolitan Life denies them insofar as they are directed against Metropolitan Life, and is without knowledge or information sufficient to form a belief as to their

truth to the extent said allegations relate to others.

79.    The allegations contained in the unnumbered paragraph following the heading "JURY DEMAND AND AD DAMNUM" of the Complaint are Plaintiffs' characterization of their case, a demand for trial by jury, conclusions of law, and a prayer for relief, for which no response is required; to the extent they may be deemed allegations of fact, Metropolitan Life denies them, and denies that it is liable to Plaintiffs or anyone for any amount.

## GENERAL DENIAL

80.    Metropolitan Life denies each allegation not heretofore controverted and demands strict proof thereof.

## FIRST DEFENSE

81.    The allegations of the Complaint and each Count thereof fail to state a claim against Metropolitan Life upon which relief can be granted.

## SECOND DEFENSE

82.    The claims in the Complaint and each Count thereof are barred by the appropriate statute of limitations.

## THIRD DEFENSE

83.    The claims in the Complaint and each Count thereof are barred by the statute of repose.

## FOURTH DEFENSE

84.    Plaintiffs and/or decedents were contributorily negligent.

## FIFTH DEFENSE

85.    Plaintiffs' claims are barred by the operation of the doctrine of laches.

16

SIXTH DEFENSE

86.     Plaintiffs' claims are barred by the operation of the doctrine of estoppel.

SEVENTH DEFENSE

87.     Plaintiffs' claims are barred by the operation of the doctrine of waiver.

EIGHTH DEFENSE

88.     Plaintiffs and/or decedents assumed the risk of any injuries allegedly

sustained as a result of exposure to asbestos-containing products used by or near Plaintiffs and/or

decedents.

NINTH DEFENSE

89.     Whatever damages were incurred by Plaintiffs were the result of

intervening and/or superseding acts or omissions of parties over whom this Defendant had no

control.

TENTH DEFENSE

90.     At all times relevant hereto, the knowledge of Plaintiffs' and/or decedents'

employers was superior to that of Metropolitan Life with respect to possible health hazards

associated with Plaintiffs' and/or decedents' employment, and, therefore, if there was any duty to

warn Plaintiffs and/or decedents or provide protection to them, it was the duty of said employers,

not of Metropolitan Life, and breach of that duty was an intervening and/or superseding cause of

the injuries allegedly sustained by Plaintiffs and/or decedents.

ELEVENTH DEFENSE

91.     In the event that it be shown that Plaintiffs and/or decedents used any

product or material, as alleged in the Complaint, which gave rise to the injuries as set forth

17

therein, the same was misused, abused, modified, altered or subjected to abnormal use.

## TWELFTH DEFENSE

92.     Plaintiffs and/or decedents and their employers were sophisticated users of products containing asbestos and had adequate knowledge of the dangers and risks associated with using or working around asbestos.

## THIRTEENTH DEFENSE

93.     The claims in the Complaint and each Count thereof that seek an award of exemplary or punitive damages fail to state a claim against Metropolitan Life upon which relief can be granted.

## FOURTEENTH DEFENSE

94.     Plaintiffs and/or decedents should have taken action to minimize or eliminate damages, and therefore Plaintiffs and/or decedents are precluded from recovering damages, or their damages are reduced, by operation of the doctrine of avoidable consequences and mitigation of damages.

## FIFTEENTH DEFENSE

95.     Metropolitan Life did not authorize, approve, or ratify the acts or omissions attributed to it in the Complaint.

## SIXTEENTH DEFENSE

96.     Metropolitan Life states that it cannot be held liable as a matter of law for injuries or damages allegedly sustained as a result of exposure to asbestos-containing products allegedly used by or near the Plaintiffs and/or decedents to the extent such exposure was to asbestos-containing products manufactured and distributed by others pursuant to and in strict

conformity with specific regulations and specifications set forth by the United States

Government.  Metropolitan Life avers further that at all times relevant to the allegations

contained in the Complaint, the products allegedly containing asbestos substantially conformed

to those specifications set forth and approved by the United States Government, and the United

States Government had actual knowledge of the hazards, if any, associated with exposure to

asbestos.

### SEVENTEENTH DEFENSE

97.    Metropolitan Life is entitled to a set-off or credit in the amount of any

settlement or compromise heretofore or hereafter reached by Plaintiffs and/or decedents with any

other person for any of Plaintiffs' alleged damages.

### EIGHTEENTH DEFENSE

98.    The Complaint should be dismissed in that it fails to comply with Rule

9(b) of the Federal Rules of Civil Procedure.

### NINETEENTH DEFENSE

99.    Plaintiffs' alleged injuries and damages, if any, were proximately caused

by or contributed to by exposure or inhalation of noxious and deleterious fumes and residues

from industrial products or by-products prevalent on their job sites, by the cumulative effects of

exposure to all types of environmental and industrial pollutants of air and water, and/or by

substances, products, or other causes not attributable to or connected with Metropolitan Life.

### TWENTIETH DEFENSE

100.    There is no casual connection between any action or inaction of this

Defendant and the injuries and damages allegedly sustained by Plaintiffs.

## TWENTY-FIRST DEFENSE

101.    The Complaint fails to name both necessary and indispensable parties in whose absence complete relief cannot be accorded among those already parties. Therefore, this action must be dismissed, or, alternatively, the action should be stayed pending other appropriate relief by the Court.

## TWENTY-SECOND DEFENSE

102.    The claims of Plaintiffs' Spouse are barred by Plaintiffs' and/or decedents' contributory and/or comparative negligence and/or assumption of risk and/or any defenses asserted herein.

## TWENTY-THIRD DEFENSE

103.    Defendant Metropolitan Life would show unto the Court that the events which allegedly form the basis for the Plaintiffs' alleged causes of action against Defendant Metropolitan Life arose prior to the elimination of the common law privity requirement in negligence and strict liability actions. As such, the Plaintiffs are subject to the common law requirement that they be in privity with Defendant Metropolitan Life. Inasmuch as no such privity existed, Defendant Metropolitan Life is not a proper party to this action.

## TWENTY-FOURTH DEFENSE

104.    The Complaint should be dismissed because of lack of jurisdiction over the person, and/or insufficiency of process, and/or insufficiency of service of process.

## TWENTY-FIFTH DEFENSE

105.    Venue is either improper and/or more convenient in another forum.

## TWENTY-SIXTH DEFENSE

106.    An award of mental anguish or emotional distress damages in this case will violate the Defendant's Due Process and Equal Protection rights guaranteed by the Alabama Constitution and the United States Constitution because Alabama juries are not given any rules, standards, or guidelines upon which to rely in calculating mental anguish or emotional distress damage awards.

## TWENTY-SEVENTH DEFENSE

107.    To award the Plaintiffs damages for alleged mental anguish or emotional distress in the absence of any standards for the determination of mental anguish or emotional distress and/or the absence of any requirement for corroborating or objective evidence of mental anguish or emotional distress makes such an award tantamount to punitive damages. As such, Defendant avers that such an award in this case would violate the safeguards provided to Defendant under both the Alabama Constitution and the United States Constitution.

## TWENTY-EIGHTH DEFENSE

108.    Defendant denies that it has been guilty of any conduct which warrants the issue of punitive damages being submitted to a jury.

## TWENTY-NINTH DEFENSE

109.    Any award of punitive damages to the Plaintiffs in this case would be in violation of the constitutional safeguards provided to Defendant under the Constitution of the State of Alabama.

## THIRTIETH DEFENSE

110.    Any award of punitive damages to the Plaintiffs in this case would be in

21

violation of the constitutional safeguards provided to Defendant under the Constitution of the United States of America.

### THIRTY-FIRST DEFENSE

111.    No punitive damages are warranted or allowable that would exceed comparable maximums established for criminal fines.

### THIRTY-SECOND DEFENSE

112.    Punitive damages cannot be sustained because of the lack of clarity in Alabama's standards for awarding punitive damages.

### THIRTY-THIRD DEFENSE

113.    Any claim for punitive damages, on its face and/or as applied in this case, is in violation of the Fifth Amendment to the Constitution of the United States; of the right to counsel provided by the Sixth Amendment to the Constitution of the United States; of the right to trial by jury of the Seventh Amendment to the Constitution of the United States; of the proportionality principles contained in the Eighth Amendment to the Constitution of the United States; the due process clause of the Fourteenth Amendment to the Constitution of the United States; and Article 1, Sections 1, 2, 6, 11, 13, 15, 27, and 35 of the Constitution of Alabama of 1901, and is improper under the common law and public policies of the State of Alabama and under applicable court rules and statutes for the following reasons, jointly and separately:

> (a)    There are no standards provided by Alabama law for the imposition of punitive damages, and therefore, Defendant has not been put on notice and given the opportunity to anticipate punitive liability and/or the potential size of the award and to modify or conform its conduct

22

accordingly;

(b)     The procedures to be followed would permit an award of punitive damages against Defendant upon the satisfaction of a burden of persuasion (standard of proof) less than that applicable to the imposition of criminal sanctions for equal culpability;

(c)     The procedures to be followed could permit the award of multiple punitive damages for the same act or omission;

(d)     There are no provisions or standards for clear and consistent appellate review of any award of punitive damages against Defendant under present Alabama law;

(e)     The standards of conduct upon which punitive damages are sought against Defendant are vague and ambiguous;

(f)     The procedures used by courts under Alabama law and the guidelines given by the jurors, jointly and severally, are vague and ambiguous;

(g)     The procedures used by courts under Alabama law and guidelines given to jurors, jointly and separately, are vague and ambiguous and, thus, impermissibly allow jurors broad, unlimited, and undefined power to make determinations on their notions of what the law should be instead of what it is;

(h)     The procedures under which punitive damages are awarded and the instructions used under Alabama law, jointly and separately, are vague and ambiguous and, thus, fail to eliminate the effects of, and to

guard against, impermissible juror passion;

(i)     Present Alabama law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, on the amount to be awarded;

(j)     Present Alabama law does not provide a meaningful opportunity for challenging the rational basis for, and any excessiveness of, any award of punitive damages;

(k)     Present Alabama law does not provide for adequate and independent review by the trial court and the appellate court of the imposition of punitive damages by a jury or of the amount of any punitive damage awarded by a jury;

(l)     Present Alabama procedures fail to provide a constitutionally reasonable limit on the amount of any punitive damage award against Defendant;

(m)     Present Alabama procedures may permit the admission of evidence relative to punitive damages in the same proceeding during which liability is determined;

(n)     Present Alabama procedures permit the imposition of joint and several judgments against multiple co-defendants for different acts of degrees of wrongdoing or culpability;

(o)     An award of punitive damages would compensate the plaintiff for

elements of damage not otherwise recognized by Alabama law.

### THIRTY-FOURTH DEFENSE

114.    Plaintiffs' claims for the recovery of punitive damages are in

contravention of Defendant's rights under each of the following constitutional provisions:

(a)    Article I, Section 8 of the United States Constitution, as an impermissible burden on interstate commerce;

(b)    the Contracts Clause of Article 1, Section 10 of the United States Constitution;

(c)    the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution;

(d)    the Equal Protection under the laws afforded by the Fourteenth Amendment to the United States Constitution;

(e)    the constitutional prohibition against vague and overbroad laws;

(f)    the prohibition against ex post facto law in Article 1, Section 22 of the Alabama Constitution;

(g)    the Contracts Clause of Article 1, Section 22 of the Constitution of Alabama; and

(h)    the Due Process Clause of Article 1, Section 6 and/or 13 of the Constitution of Alabama.

### THIRTY-FIFTH DEFENSE

115.    An award of punitive damages in the circumstances of this case would

clearly be violative of Defendant's due process rights as embraced by the Fifth and Fourteenth

Amendment to the United States Constitution and by the due process clause of Article 1, Section 6 and/or 13 of the Alabama Constitution, jointly and separately, as such award would constitute a deprivation of property without due process of law for the following reasons as separately stated herein.

    (a)    There is no rational relationship between the punitive damage awards in Alabama and the wrongfulness of a defendant's conduct and/or the compensatory damages awarded.

    (b)    No rational relationship exists between the extent of punitive damages and legitimate interests to be advanced by the State of Alabama.

    (c)    An award of punitive damages in this case would be penal in nature and thus, would be violative of Defendant's constitutional rights under the United States Constitution and/or the Alabama Constitution unless Defendant is granted the procedural safeguards afforded criminal defendants including but not limited to constitutional safeguards against self-incrimination and a heightened standard of proof beyond a reasonable doubt.

    (d)    The award of punitive damages on the basis of vicarious liability for the conduct of others violates Defendant's constitutional rights.

## THIRTY-SIXTH DEFENSE

116.    The imposition of punitive damages in this case would be in denial of Defendant's right to equal protection of the laws as guaranteed by the Fourteenth Amendment to

the United States Constitution and Article 1, Sections 1, 6, and 22 of the Alabama Constitution.

Specifically, Defendant is treated differently from criminal defendants which are charged for

similar or identical culpability. Alternatively, the absence of adequate and objective standards

for guiding in the assessment of punitive damages fails to insure the equality of treatment

between and among similarly situated civil defendants.

THIRTY-SEVENTH DEFENSE

117.    The assessment of punitive damages in this action would violate the

Commerce Clause of Article 1, Section 8 of the United States Constitution to the extent that such

award punishes acts or omissions which have allegedly occurred solely outside of state

boundaries.

THIRTY-EIGHTH DEFENSE

118.    The imposition of punitive damages in this case would violate Defendant's

rights under Article 1, Section 22 of the Alabama Constitution in that it would impair the

contractual obligations of parties to this litigation.

THIRTY-NINTH DEFENSE

119.    With respect to Plaintiffs' demand for punitive damages, Defendant

specifically incorporates by reference any and all standards or limitations regarding the

determination and/or enforceability of punitive damage awards which arose in the decisions of

State Farm Mutual Automobile Insurance Co. v. Campbell, ____ U.S. _____, No. 01-1289 (April

7, 2003); Cooper Industries, Inc. v. Leatherman Tool Group, Inc., ___ U.S. ___, No. 99-2035

(May 15, 2001); and BMW of No. America v. Gore, 116 U.S. 1589 (1996).

27

## FORTIETH DEFENSE

120.    To the extent that Plaintiffs' demand for punitive damages may result in multiple punitive damage awards being assessed for the same act or omission against Defendant, this award contravenes Defendant's right to due process under the due process clause of Article 1, Section 13 of the Alabama Constitution.  In addition, such awards would infringe upon Defendant's rights against double jeopardy insured by the Fifth Amendment of the United States Constitution and/or Article 1, Section 9 of the Alabama Constitution.

## FORTY-FIRST DEFENSE

121.    The procedures pursuant to which punitive damages are awarded subject civil defendants to punishment for the conduct of others through vicarious liability or through non-apportionment of damages among joint tortfeasors, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I §§ I and 6 of the Alabama Constitution.

## FORTY-SECOND DEFENSE

122.    The procedures pursuant to which punitive damages are awarded expose civil defendants to the risk of undefinable, unlimited liability unrelated to actual loss, if any, caused by their conduct, creating a chilling effect on said defendant's exercise of the right to a judicial resolution of this dispute.

## FORTY-THIRD DEFENSE

123.    Old Code Section 6-11-21 of the Code of Alabama bars Plaintiffs' claims for punitive damages to the extent that it exceeds the amount of $250,000.00, which the Alabama Legislature has established as the outer limit of reasonableness for awards of punitive damages as

a matter of public policy in this state. The Alabama Supreme Court acted beyond its scope of authority and violated the separation of powers clause of the United States Constitution and/or the Alabama Constitution in striking down this legislative mandate, and therefore, its action was unconstitutional and without effect. Allowing an award in excess of this legislative cap directly contravenes the express public policy of the State of Alabama.

FORTY-FOURTH DEFENSE

124.    To the extent the Plaintiffs have suffered no physical injury, § 6-11-21 of the Code of Alabama bars his claim for punitive damages insofar as said claim exceeds the greater of three times Plaintiffs' compensatory damages or $500,000, which the Alabama Legislature has established as the outer limit of reasonableness for awards of punitive damages as a matter of public policy in this state. To the extent Plaintiffs claim that they have suffered physical injury, § 6-11-21 of the Code of Alabama bars their claim for punitive damages insofar as said claim exceeds the greater of three times Plaintiffs' compensatory damages or $1,500,000, which the Alabama Legislature has established as the outer limit of reasonableness for awards of punitive damages as a matter of public policy in this state.

FORTY-FIFTH DEFENSE

125.    The Plaintiffs' claims should be denied to the extent they are barred by the operation of the doctrine of accord and satisfaction.

FORTY-SIXTH DEFENSE

126.    The Plaintiffs' claims should be denied to the extent they are barred by the operation of the doctrine of release and settlement.

29

## FORTY-SEVENTH DEFENSE

127.    The Plaintiffs' claims should be denied to the extent they are barred by the operation of the doctrine of payment.

## FORTY-EIGHTH DEFENSE

128.    Defendant hereby adopts and incorporates by reference any affirmative defenses asserted by any other defendant to this action, to the extent such affirmative defense applies to this Defendant.

## DEFENSES RESERVED

129.    Defendant hereby gives notice that it intends to rely upon any other defenses that may become available or apparent during discovery and hereby reserves its right to amend this answer to assert any such defense.  Following the conclusion of discovery, Defendant reserves the right to withdraw any defenses where appropriate as well as to assert any/all cross-claims and/or counterclaims dictated by the facts of this case at any time.

## ANSWER TO CROSS-CLAIMS

130.    Metropolitan Life denies every allegation of each and every Cross-Claim insofar as said allegations apply to Metropolitan Life.

131.    Metropolitan Life denies any liability with respect to each and every count of each and every Cross-Claim insofar as said counts apply to Metropolitan Life.

132.    Metropolitan Life denies that it is liable to indemnify any other Defendant or Third-Party Defendant in this action.

133.    Metropolitan Life denies that any Defendant or Third-Party Defendant is entitled to contribution from Metropolitan Life in this action.

134.   In response to each and every Cross-Claim, Metropolitan Life adopts by reference all denials listed above, as though fully set forth herein.

135.   In response to each and every Cross-Claim, Metropolitan Life adopts by reference all Defenses set forth above, as though fully set forth herein, as Defenses to each and every Cross-Claim.

WHEREFORE, Metropolitan Life demands that:

(a)   the Complaint be dismissed with prejudice as to Metropolitan Life;

(b)   Plaintiffs' demand for relief be denied in every respect;

(c)   Metropolitan Life be awarded costs in connection with this litigation, including reasonable attorneys' fees; and

(d)   the Court grant such other and further relief as may be just, proper, and equitable.

(e)   Metropolitan Life requests a trial by jury.

_____

Michael A. Vercher    ASB-4976-H32M
One of the Attorneys for Defendant
Metropolitan Life Insurance Company

OF COUNSEL:

CHRISTIAN & SMALL, LLP
505 North Twentieth Street
1800 Financial Center
Birmingham, AL 35203
Telephone:    (205) 795-6588
Facsimile:    (205) 328-7234
mavercher@csattorneys.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all CM/ECF participants. I have also served a copy of the foregoing pleading by placing a copy of same in the United States mail, postage prepaid, addressed as follows:

Troy R. King, Esq.
Attorney General
11 S. Union Street, Floor 4
Montgomery, AL  36130-2102

OF COUNSEL