IN THE UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF PENNSYLVANIA

In Re:  Asbestos Products Liability Litigation (No. VI); MDL 875

Regarding:
**THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| **ROBERT COBB, et al.,** | ) | |
| | ) | |
| | ) | **Civil Action No.:** |
| **Plaintiffs,** | ) | |
| **vs.** | ) | **2:07-286** |
| | ) | |
| **ALBANY INTERNATIONAL, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

## PLAINTIFFS' MASTER RESPONSE TO DEFENDANTS' MOTIONS FOR PARTIAL SUMMARY JUDGMENT

COMES NOW the Plaintiffs, by and through her attorney of record, and files this Master Response, for the sake of brevity, in opposition to All Defendants' Motions For Partial Summary Judgment Joinders thereto and states before this Honorable Court as follows:

**The Claims Brought by all the Plaintiffs were Timely Filed within the Applicable Statute of Limitations Period.**

In 1980, the Alabama Legislature enacted a discovery rule for asbestos cases.  A plaintiff's claim does not accrue until the plaintiff discovers his injury.  The statute provides:

> (a)  all civil actions must be commended after the cause of action has accrued within the period prescribed in this article and not afterwards, unless otherwise specifically provided for in this code

> (b)  a civil action for any injury to the person or rights of
> another ***resulting from exposure to asbestos, including
> asbestos-containing products, shall be deemed to accrue
> on the first date the injured party, through reasonable
> diligence, should have reason to discover the injury giving
> rise to such civil action.***  This subsection shall not apply to
> or affect in any way, actions referred to in Section 6-5-482.

Ala. Code § 6-2-30 (1975).  At that time, the one-year statute of limitations was then in

effect.  *See* Ala. Code § 6-2-39 (1975).  This provision was repealed in 1984.  Personal

injury claims are now governed by the two-year statute of limitations.  *See* Ala. Code § 6-

2-38(1).

The Alabama legislature passed legislation providing for a discovery rule for the

stated purpose of assuring:

> that the statue of limitations for injuries or deaths caused by
> exposure to asbestos, including asbestos-containing
> products, does not run on any Alabama citizen before that
> citizen has at least the opportunity to discover that cause of
> action.

> It is the intent of the Legislature that all Alabama citizens
> suffering the effects of any long-term disease process
> covered by this Bill should not be prevented by any statute
> of limitations from recovering the full measure of damages
> proximately caused by a third party tortfeasor which are
> allowable under any civil theory of liability, provided
> action is brought within the statutory period of limitation
> from the date of accrual.

1980 Ala. Acts 566, Vol. II, 876, § 1.  After the statute's accrual date was challenged, the

Alabama Supreme Court ruled that the statutory discovery rule enacted in asbestos cases

was only constitutional as applied prospectively to cases accruing after May 19, 1980.

*Tyson v. Johns- Manville Sales Corp.,* 399 So.2d 263, 268-70 (Ala. 1981).  In other

words, § 6-2-30 cannot be applied retroactively to actions ***already barred by limitations***

at the time of its enactment. *Id*. Thus, Alabama's discovery rule for asbestos exposure cases generally applies only if the plaintiff was exposed after 1979. *Owens Corning v. Carter*, 997 S.W.2d 560, 575, n.9 (Tex. 1999).

Plaintiffs are all alleging exposure to asbestos products manufactured by Defendants – in other words a continuing exposure – before and after 1979. As a result of this exposure to asbestos-containing products after 1979, there is no prohibited retroactive application of § 6-2-30 because Plaintiffs' claims were not ***already barred by limitations*** at the time the statute was enacted. *Johnson v. Garlock, Inc.*, 682 So.2d at 28. Therefore, Plaintiffs' claims against Defendants are not time-barred. Neither the *Tyson* court nor the *Johnson v. Garlock* court addressed the issue of § 6-2-30's application to a plaintiff who was exposed to asbestos-containing products before *and* after May 19, 1979 and whose cause of action were not already time-barred on the effective date of the act.

The Alabama Supreme Court in *Cazalas v. Johns-Manville Sales Corp.*, 435 So.2d 55 (Ala. 1983), did address this issue. *Cazalas* involved plaintiffs who had been exposed to asbestos before and after 1979. The trial court ruled that the plaintiffs were limited in the damages they would be entitled to recover to those exposure-caused damages occurring within one year of filing suit. *Cazalas v. Johns-Manville Sales Corp.*, 435 So. 2d at 57. Disagreeing with the trial court, the Supreme Court of Alabama ruled that if this result were allowed to stand, it would "emasculate" the discovery rule and plaintiffs would only be allowed to recover the damages to which they would have been entitled had the discovery rule not been enacted. *Id*. The Court stated:

> The trial court's ruling stems from a misunderstanding of the continuing tort rule of damages. While a plaintiff in a negligence action is typically limited to damages for injuries incurred within one year of filing suit, the rule does

> not, as the trial court suggested, operate independently of the statute of limitations. To the contrary, it is a function of the statute of limitations. Under the new statute, the plaintiff is entitled to recover all damages which proximately flowed from his injury if his action is brought within the statutory period of limitations, notwithstanding *Commercial Union Assurance Co. v. Zurich American Ins. Co.,* 471 F.Supp. 1011, 1015 (S.D.Ala.1979); *Garrett v. Raytheon Co.,* 368 So.2d 516, 521 (Ala.1979); *American Mutual Liability Ins. Co. v. Agricola Furnace Co.,* 236 Ala. 535, 538, 183 So. 677, 679 (1938).

435 So.2d at 57. The Court ultimately ruled that the plaintiffs should not be limited to a recovery for injuries occurring after May 19, 1979, but should be allowed to recover for *all injuries* proximately caused by exposure to asbestos. *Id*. at 57-58. Because the discovery process will show the continuing nature of Plaintiffs' exposures to asbestos-containing products both before and after 1979, Defendants motion for summary judgment of Plaintiff **William E. Pritchford** should be denied.

### Conclusion.

For the foregoing reasons, Plaintiffs respectfully requests that this Honorable Court deny Defendants Motions for Partial Summary Judgment concerning **William E. Pritchard.**

However, Plaintiffs agree with the evidence supporting the dismissal of certain plaintiffs whose personal representative had not been established prior to the filing of the case. These Plaintiffs are as follows and have filed a Voluntary Dismissal with the court:

**Prince Albert Lewis**

**Willie Frank Watkins**

**James Lee Wiggins**.

This the 28th day of April, 2008.

Respectfully Submitted,

s/G. Patterson Keahey
G. PATTERSON KEAHEY
*Attorney for Plaintiffs*

LAW OFFICE OF G. PATTERSON KEAHEY
One Independence Plaza, Suite 612
Birmingham, Alabama 35209
PHONE:          205-871-0707
FACSIMILE:  205-871-0801
EMAIL:          alasbestos@mesohelp.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of April, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification to the attorneys of record.


s/G. Patterson Keahey
G. PATTERSON KEAHEY
*Attorney for Plaintiffs*

LAW OFFICE OF G. PATTERSON KEAHEY
One Independence Plaza, Suite 612
Birmingham, Alabama 35209
PHONE:          205-871-0707
FACSIMILE:  205-871-0801
EMAIL:          alasbestos@mesohelp.com